**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:15-CR-404 HEA NAB |
| ) | |
| ANTHONY JORDAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER CONCERNING PRETRIAL MOTIONS**

Defendant pled not guilty to the Indictment on **September 11, 2015** before the undersigned.  At the arraignment, the government stated its intent to file a motion for complex case finding.  Defense counsel moved for additional time to review the government's motion and to review discovery in order to determine whether and/or what pretrial motions ought to be filed on behalf of Defendant.  For the reasons stated on the record at arraignment, the undersigned finds that denying Defendant's motion for additional time would deny counsel for Defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence; the undersigned further finds that the ends of justice served by granting Defendant's request outweigh the best interest of the public and the Defendant in a speedy trial.  Therefore,

**IT IS HEREBY ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), the time granted to Defendant to investigate and prepare motions, or a waiver thereof, is excluded from computation of the time for a speedy trial.

**IT IS FURTHER ORDERED** that **forthwith** the government shall give notice to the Defendant of its intention to use specific evidence at trial pursuant to Rule 12(b)(4), Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that no later than **September 16, 2015** each party may propound to the opposing party, and may file with the court, any request for pretrial disclosure of evidence or information.  Not later than **September 22, 2015**, the parties shall respond to any such requests for pretrial disclosure of evidence or information and may file with the court a copy of any such response.  To avoid proliferation of documents, to the extent practicable, all such requests for disclosure and the responses thereto shall be contained in one request document or in one response document, with each separate item of information or evidence discussed being a subpart of said document.

**IT IS FURTHER ORDERED** that no later than **September 25, 2015** the parties shall file any relevant pretrial motion(s) and the parties shall respond no later than **October 2, 2015**. If any party requests an extension of time in which to file pretrial motions, the request must be made in the form of a written motion, and should indicate the party's intention to file pretrial motions and, to the extent possible, those motions which are intended to be filed.

**IT IS FURTHER ORDERED** that if the defendant determines that it is not necessary to file pretrial motions, the defendant must file with the court by **September 25, 2015**, a **Notice of Intent to Waive the Filing of Pretrial Motions**.  The notice must state that there are no issues the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.

**IT IS FURTHER ORDERED** that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.

**IT IS FURTHER ORDERED** that any motion to suppress shall set forth, with particularity, the item(s) of evidence to which the motion is addressed, and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained.  **Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms will not be heard or considered by the court.**  Each motion to suppress must be accompanied by a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence was unlawfully obtained, with citations to authority.

**IT IS FURTHER ORDERED** that all deadlines set forth in this order include weekend days and holidays.  However, if a due date falls on a weekend or holiday, the due date for compliance shall be the next work day.

**IT IS FURTHER ORDERED** that no extension of time of any deadline set in this order will be granted except upon written motion, made before the expiration of the deadline, and upon good cause shown.  **Failure to timely file motions or requests or to request an extension of time to do so within three (3) days of the deadline set out above will be considered as a**

**waiver of the right of a party to make such motions or requests, as set out in Rule 12(e), Federal Rules of Criminal Procedure.**

**IT IS FURTHER ORDERED** that a pretrial hearing including an evidentiary hearing on the pretrial motions or a hearing on the waiver or withdrawal of motions will be set at a later date.  Unless otherwise ordered, each defendant is required to be present at the evidentiary hearing on said defendant's motion(s).  If said defendant is not present at the hearing, the hearing may go forward in the defendant's absence.  **If Defendant fails to file pretrial motions or a waiver of pretrial motions, the court will set the matter for a hearing.**

**IT IS FINALLY ORDERED** that the date for the jury trial of this action shall be set upon the conclusion of the pretrial motion proceedings.

Dated this 11th day of September, 2015.

          /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE