FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAN - 7 2016

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No.  S1-4:15 CR 00404 HEA (NAB) |
| JOSE ALFREDO VELAZQUEZ, | ) | |
| a/k/a "Jose Alfredo Velasquez-Cabazos," or "Jose Alfredo Velasquez-Cavazos," | ) | Counts 1 and 3 |
| ADRIAN LEMONS, | ) | |
| a/k/a "AD," or "D," | ) | Counts 1, 3, 5, 6, 9–11, and 17 |
| ANTHONY JORDAN, | ) | |
| a/k/a "TT," or "Godfather," | ) | Counts 2, 3, and 5-8 |
| DWAYNE RAINEY, | ) | |
| a/k/a "Fat Boy," | ) | Count 3 |
| JUAN RAMON GARZA, | ) | Counts 3 and 17 |
| LUIS FERNANDO CANTU, | ) | |
| a/k/a "Luis Gonzales-Cantu," | ) | Counts 3 and 17 |
| JOSE EDUARDO CAVAZOS, | ) | Count 3 |
| DERRICK TERRY, | ) | |
| a/k/a "D Boy," | ) | Count 3 |
| LARON COLEMAN, | ) | |
| a/k/a "Big Dog," or "Chub," | ) | Counts 3, 4, 13-15, and 19 |
| LOUIS FELTON, | ) | Counts 3 and 4 |
| GERRY CUSHSHON, | ) | Count 3 |
| SAMIR SIMPSON-BEY, | ) | |
| a/k/a "Mir," | ) | Counts 3 and 4 |
| CLARENCE MILLER, | ) | Counts 3 and 17 |
| DEMETRIUS O'NEAL, | ) | |
| a/k/a "Demetrius Oneal," | ) | Counts 3 and 16 |
| MAURICE WOODSON, | ) | |
| a/k/a "Blue," or "Lil Blue," | ) | Counts 3, 5, 6, 18, and 20 |
| GREGORY KNOX, | ) | |
| a/k/a "Capone," | ) | Counts 4 and 12 |
| LARRY BOYD, | ) | |
| a/k/a "Billy Blood," and | ) | Count 4 |
| GLORIA WARD, | ) | Count 8 |
| | ) | |
| Defendants. | ) | |

## **SUPERSEDING INDICTMENT**

## COUNT ONE

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but including 2012, and continuing to

the time of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo**

**Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and

intentionally engage in a Continuing Criminal Enterprise, in that:

A.     **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or**

**Jose Alfredo Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a "AD," or "D,"** within the

Eastern District of Missouri, and elsewhere, did knowingly and intentionally commit felony

violations of Subchapters 1 and 2 of the Drug Abuse Control Act of 1970, in that, **JOSE**

**ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo**

**Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others,

committed violations of Title 21, United States Code, Sections 846 and 841(a)(1), and Title 18,

United States Code, Section 2, including, but not limited to:

(1)     Beginning in or about 2012, and continuing through the date of this Indictment,
**JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or
Jose Alfredo Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a "AD," or
"D,"** did agree with each other and other persons known and unknown to this
Grand Jury, to commit offenses against the United States, to wit: to distribute and
possess with intent to distribute cocaine, a Schedule II controlled substance, in
violation of Title 21, United States Code, Section 841(a)(1); in furtherance of this
scheme, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-
Cabazos, or Jose Alfredo Velasquez-Cavazos, and ADRIAN LEMONS, a/k/a
"AD," or "D,"** established a distribution network to routinely transport bulk
shipments or a mixture or substance containing cocaine from Mexico into the
United States, and thereafter to the Eastern District of Missouri for distribution;
the agreement also included the routine transportation of bulk quantities of United
States currency back to the Velazquez Drug Trafficking Organization

2

("Velazquez DTO") as payment for the bulk shipments of cocaine.

(2)   On or about December 5, 2013, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** while engaging in and working in furtherance of this continuing criminal enterprise, and while engaging in an offense punishable under Title 21, United States Code, Section 841(a)(1), acting together with **ANTHONY JORDAN, a/k/a "TT," or "Godfather," MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"** and others, did intentionally kill, counsel, command, induce, procure, and cause the intentional killing of Byron Earts, Sr., in violation of Title 21, United States Code, Section 848(e)(1)(A).

(3)   On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting together with **ANTHONY JORDAN, a/k/a "TT" or "Godfather," MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"** and others did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: (1) continuing criminal enterprise, as charged in Count One herein, and (2) conspiracy to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.
In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).
And in the course of this violation caused the death of Byron Earts, Sr., through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111.

(4)   Between on or about February 3, 2014, and February 6, 2014, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others, attempted to possess with the intent to distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and that one or more of the defendants committed a substantial step in furtherance thereof;

(5)   On or about February 6, 2014, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others, possessed with the intent to distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2;

(6)   On or about June 30, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

3

(7)     On or about August 25, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(8)     On or about August 26, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(9)     On or about November 10, 2014, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(10)    On or about February 4, 2015, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(11)    On or about February 4, 2015, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos,** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b); and

(12)    On or about February 5, 2015, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(13)    On or about February 5, 2015, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose**

4

**Alfredo Velasquez-Cabazos,** or **Jose Alfredo Velasquez-Cavazos,** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(14) On or about February 6, 2015, **ADRIAN LEMONS, a/k/a "AD," or "D,"** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b);

(15) On or about February 6, 2015, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or **Jose Alfredo Velasquez-Cavazos,** did knowingly and intentionally use a "communication facility," to wit: a cellular telephone, with the intent to facilitate the commission of the felony offenses of distribution of a controlled substance and possession with the intent to distribute a controlled substance, and in violation of Title 21, United States Code, Section 843(b); and

(16) Between on or about February 4, 2015, and February 6, 2015, within the Eastern District of Missouri, **ADRIAN LEMONS, a/k/a "AD," or "D,"** acting with others, including **JUAN RAMON GARZA, LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu," and CLARENCE MILLER,** attempted to possess with the intent to distribute more than five kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and that one or more of the defendants committed a substantial step in furtherance thereof;

with each violation being a part of a continuing series of violations of said statutes.

 B. **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or **Jose Alfredo Velasquez-Cavazos,** and **ADRIAN LEMONS, a/k/a "AD," or "D,"** acted in concert with at least five other persons, with respect to whom the defendants, **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or Jose Alfredo Velasquez-Cavazos, and **ADRIAN LEMONS, a/k/a "AD," or "D,"** occupied a position of organizer, supervisor, and manager.

C.     **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos,** and **ADRIAN LEMONS, a/k/a "AD," or "D,"** obtained substantial income and resources from the violations described in paragraphs A and B above.

All in violation of Title 21, United States Code, Sections 848(a), 848(c) and 848(e), and Title 18, United States Code, Section 2, and punishable under Title 21, United States Code, Sections 848(a) and (e)(1)(A).

## COUNT TWO

The Grand Jury further charges that:

Beginning on a date unknown to the grand jury, but including on or about January 1, 2002, and continuing up to the date of this Indictment, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN, a/k/a "TT" or "Godfather,"

did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury, to commit offenses against the United States, to wit: to knowingly and intentionally distribute and possess with the intent to distribute cocaine, a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Sections 846 and 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT THREE

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

6

**JOSE ALFREDO VELAZQUEZ,**
a/k/a Jose Alfredo Velasquez-Cabazos or Jose Alfredo Velasquez-Cavazos
**ADRIAN LEMONS, a/k/a "A.D.," or "D,"**
**ANTHONY JORDAN, a/k/a "T.T.," or "Godfather,"**
**DWAYNE RAINEY, a/k/a "Fat Boy,"**
**DERRICK TERRY, a/k/a "D Boy,"**
**JUAN RAMON GARZA,**
**LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu,"**
**JOSE EDUARDO CAVAZOS,**
**LARON COLEMAN, a/k/a "Big Dog," or "Chub,"**
**LOUIS FELTON,**
**GERRY CUSHSHON,**
**SAMIR SIMPSON-BEY, a/k/a "Mir,"**
**CLARENCE MILLER,**
**DEMETRIUS O'NEAL, a/k/a "Demetrius Oneal," and**
**MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of cocaine involved in the conspiracy and attributable to defendants **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos,** or **Jose Alfredo Velasquez-Cavazos, ADRIAN LEMONS, a/k/a "A.D.," or "D," ANTHONY JORDAN, a/k/a "T.T.," or "Godfather," DWAYNE RAINEY, a/k/a "Fat Boy," DERRICK TERRY, a/k/a "D Boy," JUAN RAMON GARZA, LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu," JOSE EDUARDO CAVAZOS, CLARENCE MILLER, and MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"** as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, making

7

the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

The amount of cocaine involved in the conspiracy and attributable to defendants **LARON COLEMAN, a/k/a "Big Dog," or "Chub," GERRY CUSHSHON, and DEMETRIUS O'NEAL, a/k/a "Demetrius Oneal,"** as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

<u>**COUNT FOUR**</u>

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**LARON COLEMAN, a/k/a "Big Dog," or "Chub,"**
**LOUIS FELTON,**
**SAMIR SIMPSON-BEY, a/k/a "Mir,"**
**GREGORY KNOX, a/k/a "Capone," and**
**LARRY BOYD, a/k/a "Billy Blood,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of heroin involved in the conspiracy and attributable to defendant **LARON COLEMAN, a/k/a "Big Dog," or "Chub,"** as a result of his own respective conduct, and the

8

conduct of other conspirators, known or reasonably foreseeable to each individual, is one hundred grams or more of a mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(i).

**COUNT FIVE**

The Grand Jury further charges that:

**General Allegations**

1.       From in or about 2012, and continuing through the date of this Indictment, within the Eastern District of Missouri and elsewhere, the defendants

**ADRIAN LEMONS, a/k/a "AD," or "D,"**
**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
**and**
**MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, as charged in Count Three herein.

2.       **ADRIAN LEMONS, a/k/a "AD," or "D,"** was the primary leader of the cocaine trafficking organization in the Eastern District of Missouri. **JOSE ALFREDO VELAZQUEZ, a/k/a Jose Alfredo Velasquez-Cabazos, or Jose Alfredo Velasquez-Cavazos,** and the Velazquez Drug Trafficking Organization (Velazquez DTO) was the primary, but not exclusive source of supply for cocaine to **ADRIAN LEMONS, a/k/a "AD," or "D,"** and coconspirators operating within the Eastern District of Missouri.

3.       During the course of the conspiracy, as a general matter, **ADRIAN LEMONS,**

9

a/k/a "AD," or "D," distributed distribution quantities of cocaine through his organization directly and indirectly to conspirators to include **ANTHONY JORDAN, a/k/a "TT" or "Godfather," and MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"** and others.

4.     **ADRIAN LEMONS, a/k/a "AD," or "D,"** as the primary distributor working directly with the Velazquez DTO, exercised significant influence and control in relation to the conspirators with whom he supplied and distributed cocaine within the Eastern District of Missouri.

5.     Members of the drug distribution conspiracy, including but not limited **ANTHONY JORDAN, a/k/a "TT" or "Godfather," and MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"** and others, possessed and used firearms in furtherance of drug trafficking activities.  Members of the conspiracy utilized acts of violence and intimidation to further the drug trafficking conspiracy.

6.     In or about November and December 2013, **ANTHONY JORDAN, a/k/a "TT" or "Godfather,"** contacted **ADRIAN LEMONS, a/k/a "AD," or "D,"** to enlist **MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"** and others, to murder Byron Earts, Sr.

### Murder of Byron Earts, Sr.

7.     On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, and elsewhere, the defendants,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
**ADRIAN LEMONS, a/k/a "AD," or "D," and**
**MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"**

acting together and with others, while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A), to wit: conspiracy to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, as alleged in paragraphs 1

10

through 6 of this count of the indictment, and Count Three of this Indictment and incorporated herein, did knowingly, intentionally, and unlawfully kill and counsel, command, induce, procure, and cause the intentional killing of Byron Earts, Sr., and such killing did result, and did aid, abet and assist others, including **ANTHONY JORDAN, a/k/a "TT" or "Godfather," ADRIAN LEMONS, a/k/a "AD," or "D," and MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"** and others in the commission of said offense.

In violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

## COUNT SIX

The Grand Jury further charges that:

On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendants,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
**ADRIAN LEMONS, a/k/a "AD," and "D," and**
**MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"**

acting together and with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: (1) continuing criminal enterprise, as charged in Count One herein, and (2) conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of Byron Earts, Sr., through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, acting together and with others, and acting with malice aforethought,

11

unlawfully killed Byron Earts, Sr., by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

### COUNT SEVEN

The Grand Jury further charges that:

On or about December 29, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**

acting with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the deaths of Robert "Parker G" Parker and Clara Walker through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with others and acting with malice aforethought, unlawfully killed Robert Parker and Clara Walker by shooting each with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## COUNT EIGHT

The Grand Jury further charges that:

On or about January 21, 2014, in the City of Saint Louis, within the Eastern District of Missouri, the defendants,

**ANTHONY JORDAN, a/k/a "TT" or "Godfather,"**
**and**
**GLORIA WARD,**

the defendants herein, acting together and with others, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Counts Two and Three herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

And in the course of this violation caused the death of Michail "Yellow Mack" Gridiron through the use of one or more firearms, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, acting with together and with others, and acting with malice aforethought, unlawfully killed Michail "Yellow Mack" Gridiron by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

## COUNT NINE

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including the period between February 3, 2014, and February 6, 2014, in the Eastern District of Missouri and elsewhere, the

defendant,

### ADRIAN LEMONS, a/k/a "AD," or "D,"

acting with others, did knowingly and intentionally attempt to commit the following offense against the United States: to knowingly and intentionally possess with the intent to distribute cocaine and to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and that one or more of the defendants committed a substantial step in furtherance thereof.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved in the offense attributable to the defendant, **ADRIAN LEMONS, a/k/a "AD," or "D,"** was in excess of five kilograms, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

### COUNT TEN

The Grand Jury further charges that:

On or about February 6, 2014, in the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS, a/k/a "AD," or "D,"

acting with others, including Terry Gilliam, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved

14

in the offense attributable the defendant, **ADRIAN LEMONS, a/k/a "AD," or "D,"** was in excess of five kilograms, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT ELEVEN

The Grand Jury further charges that:

On or about February 6, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS, a/k/a "AD," or "D,"

acting with others, including Terry Gilliam, did knowingly possess a firearm, namely a Sturm-Ruger .40 caliber semi-automatic pistol, in furtherance of the drug trafficking crimes charged in Counts One, Three, Nine, and Ten herein, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TWELVE

The Grand Jury further charges that:

On or about May 8, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### GREGORY KNOX, a/k/a "Capone,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

15

## COUNT THIRTEEN

The Grand Jury further charges that:

On or about August 26, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### LARON COLEMAN, a/k/a "Big Dog," or "Chub,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT FOURTEEN

The Grand Jury further charges that:

On or about August 26, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### LARON COLEMAN, a/k/a "Big Dog," or "Chub,"

acting with another, did knowingly and intentionally possess with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2, and punishable under Title 21, United States Code, Section 841(b)(1)(B)(i).

## COUNT FIFTEEN

The Grand Jury further charges that:

On or about August 26, 2014, in St. Louis City, within the Eastern District of Missouri

and elsewhere, the defendant,

## LARON COLEMAN, a/k/a "Big Dog," or "Chub,"

acting with others, and having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce ammunition, namely Remington 9 millimeter cartridges, said ammunition having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

## COUNT SIXTEEN

The Grand Jury further charges that:

On or about November 10, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

## DEMETRIUS O'NEAL, a/k/a "Demetrius Oneal,"

did knowingly and intentionally possess with the intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## COUNT SEVENTEEN

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including the period between February 4, 2015, and February 6, 2015, in the Eastern District of Missouri and elsewhere, the defendants,

## ADRIAN LEMONS, a/k/a "AD," and "D,"
## JUAN RAMON GARZA,

17

**LUIS FERNANDO CANTU, a/k/a "Luis Gonzales-Cantu," and
CLARENCE MILLER,**

acting together, did knowingly and intentionally attempt to commit the following offense against

the United States: to knowingly and intentionally possess with the intent to distribute cocaine

and to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1); and that one or more of the defendants committed a substantial

step in furtherance thereof.

All in violation of Title 21, United States Code, Section 846, and Title 18, United States

Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved

in the offense attributable to each of the defendants, **ADRIAN LEMONS, a/k/a "AD," or "D,"**

**JUAN RAMON GARZA, LUIS FERNANDO CANTU, and CLARENCE MILLER** was in

excess of five kilograms, making the offense punishable under Title 21, United States Code,

Section 841(b)(1)(A)(ii)(II).

## COUNT EIGHTEEN

The Grand Jury further charges that:

On or about April 30, 2015, in St. Louis City, within the Eastern District of Missouri and

elsewhere, the defendant,

**MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"**

did knowingly and intentionally possess with the intent to distribute a mixture or substance

containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21,

United States Code, Section 841(b)(1)(C).

## COUNT NINETEEN

The Grand Jury further charges that:

On or about July 14, 2015, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### LARON COLEMAN, a/k/a "Big Dog," or "Chub,"

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce ammunition, namely Winchester .45 Auto caliber ammunition, said ammunition having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWENTY

The Grand Jury further charges that:

On or about December 9, 2015, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### MAURICE WOODSON, a/k/a "Blue," and "Lil Blue,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 846 or 848 as set forth in

19

this indictment, the defendant(s) shall forfeit to the United States of America any property,

constituting, or derived from, any proceeds the defendant(s) obtained, directly or indirectly, as a

result of such violation(s) and any property used, or intended to be used, in any manner or part to

commit or to facilitate the commission of such violation(s).

2.    Subject to forfeiture upon a conviction of all applicable counts of the indictment is a

sum of money equal to the total value of property, real or personal, constituting, or derived from,

any proceeds obtained directly or indirectly as a result of such violation(s).

3.    Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United

States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United

States Code, Section 922 or 924 as set forth in this indictment, the defendant(s) shall forfeit to

the United States of America any firearm or ammunition involved in or used or intended to be

used in said offense.

4.    The specific property subject to forfeiture includes, but is not limited to, the

following:

(1)    2005 BMW, VIN: WBAEH73445B192800;
(2)    2009 Chevrolet Silverado K2500HD pickup, VIN: GCHK63K99F189500;
(3)    Approximately $2,165 in United States currency seized on or about May
       8, 2014;
(4)    Approximately $130,000 in United States currency seized on or about
       February 4, 2015;
(5)    Approximately $570,245 in United States currency seized on or about
       February 6, 2015; and
(6)    Approximately $305,380 in United States currency seized on or about
       February 6, 2015.

5.    If any of the property described above, as a result of any act or omission

of the defendant(s):

a.    cannot be located upon the exercise of due diligence;

20

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL

_____

FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
THOMAS REA, #53245MO
MICHAEL A. REILLY, #43908MO
Assistant United States Attorneys

21