UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:15-CR-404 HEA NAB ) |
| JOSE ALFREDO VELAZQUEZ, et al., | ) ) |
| Defendants. | ) |

## **ORDER**

All pretrial matters in this cause have been referred to the undersigned pursuant to 28 U.S.C. §636(b).  On January 14, 2016, the Government filed a Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act [Doc. #101] pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).  In support of the motion, the Government stated that:

1. This case involves a long-term continuing criminal enterprise, drug distribution conspiracies, several drug related homicides, and firearms violations, in which eighteen defendants are charged in twenty counts.

2. Four of the defendants are charged with death eligible offenses.

3. The government estimates that the trial in this case would last multiple weeks depending upon the number of defendants electing to proceed to trial. A more accurate estimate can be made when the number of defendants electing to go to trial has been determined.

4. There are multiple factors contributing to the complexity of this case:

    A. The discovery in this case is voluminous and includes numerous separate Title III applications, affidavits, and orders that resulted in thousands of contacts by either electronic or wire communications for several target telephones.

    B. There were a large number of search warrants executed during this long term investigation which resulted in the seizure of physical evidence or data from phones seized during the investigation. Much of this evidence relates to a high volume of electronic data obtained from searches of cellular phones or electronic devices. Moreover, investigators have recently executed at least eight additional search warrants of real property, in which additional evidence has been seized.

    C. There were multiple applications for Precision Location Warrants or other process and orders related to the investigation.

    D. There are multiple arguably suppressible events that occurred during the course of this extended investigation, which lasted approximately two years. Defense counsel will need time to consider the potential issues.

    E. There is the potential of Rule 404(b) evidence pertaining to several defendants.

    F. Several of the charged offenses are death eligible. The Government is currently processing materials related to a determination from the Attorney General for permission to seek or not seek the death penalty.

5. The government has been working on the investigation for some time and would be prepared to try this case within the time limits set forth under the Speedy Trial Act. However, the government recognizes that in light of the number of defendants, the nature of the conspiracy charges, and the sheer volume of discovery, it is unreasonable to expect the defense to have adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

6. Additional time would likely assist defendants and defense counsel in fully reviewing discovery, deciding whether to file pretrial motions, and preparing for trial and/or completing plea negotiations with the government.

For the reasons set out in the Government's motion, the Court will grant the Government's motion and make a complex case finding.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act [Doc. #101] is **GRANTED**.

**Speedy Trial Finding:** For the reasons set out in the Government's motion, the Court finds that the case is a "complex case" as defined in Title 18, United States Code, Section 3161(h)(7)(B)(ii).  In addition, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i), the trial of this matter should be continued past the limits set by the Speedy Trial Act because the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial, the case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings, and the failure to exclude this period would likely result in a miscarriage of justice.

**IT IS FINALLY ORDERED** that a Status Conference is set for **Wednesday, March 16, 2016** at **9:30 a.m.** in the courtroom of the undersigned.

Dated this 2nd day of February, 2016.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE