UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:15-CR-404 HEA NAB ) |
| JOSE ALFREDO VELAZQUEZ, et al., | ) ) |
| Defendants. | ) |

## ORDER

All pretrial matters in this cause have been referred to the undersigned pursuant to 28 U.S.C. §636(b).  The undersigned previously granted the Government's motions for a complex case finding as to the First, Second and Third Superseding Indictments [Doc. #186, Doc. #360, Doc. #476].  Following the filing of the Fourth Superseding Indictment, the Government filed a supplemental motion for a complex case finding [Doc. #744].  In support of the motion, the Government stated that:

1.  On January 14, 2016, the Government filed its original Motion for a Complex Case Finding.  Doc. # 101.  On February 18, 2016, the Grand Jury returned the second superseding indictment that added three additional defendants and an additional count.  Doc. # 244.  Thereafter, the Government filed a Renewed Motion for Complex Case Finding, and the Magistrate Court [sic] issued its Order consistent with the Government's Motion.  Doc. #'s 355, 360.   On April 14, 2016, the Grand Jury returned a third superseding indictment that added six additional defendants and eleven new counts, for a total of twenty-seven defendants and thirty-two counts.

2. On December 1, 2016, the Grand Jury returned a fourth superseding indictment that added seven additional defendants for a total of thirty-four defendants and fifty-six counts.

3. Seven of the defendants are charged with death eligible offenses.

4. The government estimates that the trial in this case would last multiple weeks depending upon the number of defendants electing to proceed to trial. A more accurate estimate can be made when the number of defendants electing to go to trial has been determined.

5. There are multiple factors contributing to the complexity of this case:

    A. The discovery in this case is voluminous and includes numerous separate Title III applications, affidavits, and orders that resulted in thousands of contacts by either electronic or wire communications for several target telephones.

    B. There were a large number of search warrants executed during this long term investigation which resulted in the seizure of physical evidence or data from phones seized during the investigation. Much of this evidence relates to a high volume of electronic data obtained from searches of cellular phones or electronic devices. Moreover, investigators have recently executed at least eight additional search warrants of real property, in which additional evidence has been seized.

    C. There were multiple applications for Precision Location Warrants or other process and orders related to the investigation.

    D. There are multiple arguably suppressible events that occurred during the course of this extended investigation, which lasted approximately two years. Defense counsel will need time to consider the potential issues.

    E. There is the potential of Rule 404(b) evidence pertaining to several defendants.

    F. Several of the charged offenses are death eligible. The Government is currently processing materials related to a determination from the Attorney General for permission to seek or not seek the death penalty.

6. On or about March 9, 2016, the Government began providing discovery to counsel. The discovery included a dual layer DVD, with more than 11,000 pages of documents. The Government also disclosed seventeen additional discs, which included nine compact discs containing Title III intercepts and related materials. This is a large portion of the discovery materials that will be provided in this case.

7. The Government provided a second batch of disclosure on or about May 9, 2016. Much of these materials will be related to seizures that occurred during the weeks of January 13 and 29, 2016, and April 15, 2016. There will be additional searches of a large number of items of digital media that were seized during ongoing investigations.

8. Although the Government has engaged in meetings with groups of defense counsel relative to the initial disclosure in this matter, the Government is also anticipating individual meetings with defense counsel and defendants to assist the parties with a review of discovery materials and evidence in this case.

9. The government has been working on the investigation for some time and would be prepared to try this case within the time limits set forth under the Speedy Trial Act. However, the government recognizes that in light of the number of defendants, the nature of the conspiracy charges, and the sheer volume of discovery, it is unreasonable to expect the defense to have adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

3

10. Additional time would likely assist defendants and defense counsel in fully reviewing discovery, deciding whether to file pretrial motions, and preparing for trial and/or completing plea negotiations with the government.

On December 16, 2016, the undersigned held a status conference in this cause. Government counsel were present, along with counsel for Defendants. At the conference, counsel for the Government stated the grounds for a complex case finding. Counsel for Defendants had no objection. The parties agreed that pretrial motion deadlines should be set for the defendants who are not being charged with death eligible counts. Accordingly, the undersigned set a pretrial motion deadline of **May 5, 2017** for the defendants who are not facing death eligible counts in the indictment.

Counsel agreed that a pretrial motion deadline would be premature for the defendants who are charged in death penalty eligible counts and that another status conference should be set on **March 31, 2017**. For the reasons set out in the Government's motion and on the record at the status conference, the Court will grant the Government's motion and make a complex case finding.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Supplemental Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act [Doc. #744] is **GRANTED**.

**Speedy Trial Finding:** For the reasons set out in the Government's motion and on the record at the December 16, 2016 status conference, the Court finds that the case is a "complex case" as defined in Title 18, United States Code, Section 3161(h)(7)(B)(ii). In addition, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i), the trial of this matter should be continued past the

limits set by the Speedy Trial Act because the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial, the case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings, and the failure to exclude this period would likely result in a miscarriage of justice.

**IT IS FURTHER ORDERED** that a Status Conference for the death penalty eligible defendants is set on **Friday, March 31, 2017** at **9:00 a.m.** in the courtroom of the undersigned. Only counsel need be present.

**IT IS FURTHER ORDERED** that Defendants who are not charged with death penalty eligible counts shall have to and including **May 5, 2017** to file any pretrial motions or waiver of motions. The government shall have until **May 19, 2017** to respond. Defendants shall have to and including **May 26, 2017** to reply. The evidentiary hearings are set for **June 5** and **June 6, 2017.**

Dated this 19th day of December, 2016.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE