FILED

DEC 20 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No.  S5 - 4:15 CR 404 HEA (NAB) |
| v. | ) | |
| | ) | |
| ADRIAN LEMONS, | ) | Counts 19, 20, 22, 23, 24, 25, 26 |
| a/k/a "AD" or "D," (Def. 2); | ) | |
| | ) | |
| ANTHONY JORDAN, | ) | Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 |
| a/k/a "TT," or "Godfather," (Def. 3); | ) | |
| | ) | |
| JOSE EDUARDO CAVAZOS (Def. 7); | ) | Count  19 |
| | ) | |
| MAURICE WOODSON,, | ) | Count  19, 20, 21, 27, 28, 29, 30 |
| a/k/a "Blue" or Lil Blue," (Def. 15); | ) | |
| | ) | |
| VIRGIL SIMS, | ) | Count  19 |
| a/k/a "V.G." or "B.G.," (Def. 26) | ) | |
| | ) | |
| CHARLES THOMPSON, | ) | Counts 14, 15, 16, 17, 18 |
| a/k/a "Man Man," (Def. 28); | ) | |
| | ) | |
| MICHAEL GRADY (Def. 29); | ) | Counts 31, 32, 33, 34, 35 |
| | ) | |
| OSCAR DILLON, | ) | Counts 31, 32, 33, 34 |
| a/k/a "Ant," "Chest," "Muscles," | ) | |
| (Def. 30); and | ) | |
| | ) | |
| FARRAAD JOHNSON, | ) | Counts 36, 37, 38, 39, 40 |
| a/k/a "F," (Def. 34), | ) | |
| | ) | |
| Defendants. | ) | |

## FIFTH SUPERSEDING INDICTMENT

**DEFENDANT:**        **ANTHONY JORDAN (Def. 3)**

**COUNT 1**
**(Drug Conspiracy)**
*[S4 Ct 2]*

The Grand Jury charges that:

Beginning on a date unknown to the grand jury, but including on or about January 1, 2002, and continuing up to and including August 27, 2015, within the Eastern District of Missouri, the defendant,

**ANTHONY JORDAN,**
**a/k/a "TT" or "Godfather,"**

did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury, including, but not limited to, JOSE ALFREDO VELAZQUEZ, ADRIAN LEMONS, DERRICK TERRY and ANTONIO WASHINGTON, to commit offenses against the United States, to wit: to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Sections 846; and

The amount of cocaine involved in the conspiracy and attributable to defendant **ANTHONY JORDAN, a/k/a "T.T.," or "Godfather,"** as a result of his own respective conduct, and the conduct of other conspirators, known, or reasonably foreseeable to him, is five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT 2
### (Murder of Victim Walters)

The Grand Jury further charges that:

On or about April 19, 2008, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of AL WALTERS through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed AL WALTERS by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

3

## Count 2 Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 2, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

     1.     Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

     2.     Intentionally killed AL WALTERS (18 U.S.C. § 3591(a)(2)(A));

     3.     Intentionally inflicted serious bodily injury that resulted in the death of AL WALTERS (18 U.S.C. § 3591(a)(2)(B));

     4.     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and AL WALTERS died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

     5.     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and AL WALTERS died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 2, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

     6.     Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

     7.     In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT 3
### (Murder of Victim Jackson)

The Grand Jury further charges that:

On or about April 19, 2008, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of LINNIE JACKSON through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed LINNIE JACKSON by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

5

## Count 3 Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 3, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1.    Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2.    Intentionally killed LINNIE JACKSON (18 U.S.C. § 3591(a)(2)(A));

3.    Intentionally inflicted serious bodily injury that resulted in the death of LINNIE JACKSON (18 U.S.C. § 3591(a)(2)(B));

4.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and LINNIE JACKSON died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5.    Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and LINNIE JACKSON died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 3, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

6.    Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

7.    In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT 4
### (Murder of Victim Burks)

The Grand Jury further charges that:

On or about April 19, 2008, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of KEITH BURKS through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed KEITH BURKS by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

## Count 4 Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 4, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed KEITH BURKS (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of KEITH BURKS (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and KEITH BURKS died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and KEITH BURKS died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 4, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

6. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

7. In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

8

## COUNT 5
### (Murder of Victim Jones)
*[S4 Ct 56]*

The Grand Jury further charges that:

On or about February 3, 2010, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including DERRICK TERRY, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of MARQUIS JONES through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed MARQUIS JONES by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

**Count 5 Notice of Special Findings**
**Pursuant to Title 18, United States Code, Sections 3591 and 3592**

As to Count 5, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

      1.     Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

      2.     Intentionally killed MARQUIS JONES (18 U.S.C. § 3591(a)(2)(A));

      3.     Intentionally inflicted serious bodily injury that resulted in the death of MARQUIS JONES (18 U.S.C. § 3591(a)(2)(B));

      4.     Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and MARQUIS JONES died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

      5.     Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and MARQUIS JONES died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 5, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

      6.     In committing the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

      7.     Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

      8.     In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT 6
### (Murder of Victim Johnson)
*[S4 Ct 56]*

The Grand Jury further charges that:

On or about February 3, 2010, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including DERRICK TERRY, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of KEAIRRAH JOHNSON through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed KEAIRRAH JOHNSON by shooting her with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

11

**Count 6 Notice of Special Findings**
**Pursuant to Title 18, United States Code, Sections 3591 and 3592**

As to Count 6, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1.    Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2.    Intentionally killed KEAIRRAH JOHNSON (18 U.S.C. § 3591(a)(2)(A));

3.    Intentionally inflicted serious bodily injury that resulted in the death of KEAIRRAH JOHNSON (18 U.S.C. § 3591(a)(2)(B));

4.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and KEAIRRAH JOHNSON died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5.    Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and KEAIRRAH JOHNSON died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 6, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

6.    In committing the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

7.    Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

8.    In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT 7
### (Murder of Victim Clark)
*[S4 Ct 5]*

The Grand Jury further charges that:

On or about June 25, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including DERRICK TERRY and GLORIA WARD, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of ANTHONY "BLINKY" CLARK through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed ANTHONY "BLINKY" CLARK, by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

13

## Count 7 Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 7, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1.      Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2.      Intentionally killed ANTHONY "BLINKY" CLARK (18 U.S.C. § 3591(a)(2)(A));

3.      Intentionally inflicted serious bodily injury that resulted in the death of ANTHONY "BLINKY" CLARK (18 U.S.C. § 3591(a)(2)(B));

4.      Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and ANTHONY "BLINKY" CLARK died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5.      Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and ANTHONY "BLINKY" CLARK died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 7, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

6.      In committing the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

7.      Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

14

## COUNT 8
### (Murder of Victim Earts)
*[S4 Ct 7]*

The Grand Jury further charges that:

On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including ADRIAN LEMONS, MAURICE WOODSON and DORIAN FURNACE, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of BYRON "BK" EARTS, SR. through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed BYRON "BK" EARTS, SR., by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## Count 8 Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 8, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1.    Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and BYRON "BK" EARTS, SR. died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

3.    Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and BYRON "BK" EARTS, SR. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 8, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

4.    Procured the commission of the offense by payment, or a promise of payment, of anything of pecuniary value (18 U.S.C. § 3592(c)(7)).

5.    Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

## COUNT 9
### (Murder of Victim Parker)
*[S4 Ct 8]*

The Grand Jury further charges that:

On or about December 29, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

## ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including ANTONIO WASHINGTON, CHARLES THOMPSON, and GLORIA WARD, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of ROBERT "PARKER G" PARKER through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed ROBERT "PARKER G" PARKER by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## Count 9 Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 9, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1.    Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2.    Intentionally killed ROBERT "PARKER G" PARKER (18 U.S.C. § 3591(a)(2)(A));

3.    Intentionally inflicted serious bodily injury that resulted in the death of ROBERT "PARKER G" PARKER (18 U.S.C. § 3591(a)(2)(B));

4.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and ROBERT "PARKER G" PARKER died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5.    Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and ROBERT "PARKER G" PARKER died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 9, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

6.    In committing the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

7.    Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

8.    In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT 10
### (Murder of Victim Walker)
*[S4 Ct 8]*

The Grand Jury further charges that:

On or about December 29, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including ANTONIO WASHINGTON, CHARLES THOMPSON, and GLORIA WARD, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of CLARA WALKER through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed CLARA WALKER by shooting her with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## Count 10 Notice of Special Findings
## Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 10, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed CLARA WALKER (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of CLARA WALKER (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and CLARA WALKER died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and CLARA WALKER died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 10, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

6. In committing the offense knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

7. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

8. In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT 11
### (Murder of Victim Gridiron)
*[S4 Ct 9]*

The Grand Jury further charges that:

On or about January 21, 2014, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including ANTONIO WASHINGTON, CHARLES THOMPSON, and GLORIA WARD, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A).

And in the course of this violation caused the death of MICHAIL "YELLOW MACK" GRIDIRON through the use of one or more firearms, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed MICHAIL "YELLOW MACK" GRIDIRON by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

21

## Count 11 Notice of Special Findings
### Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 11, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed MICHAIL "YELLOW MACK" GRIDIRON (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of MICHAIL "YELLOW MACK" GRIDIRON (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and MICHAIL "YELLOW MACK" GRIDIRON died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and MICHAIL "YELLOW MACK" GRIDIRON died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 11, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

6. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

7. In committing the offense intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

## COUNT 12
### (Murder of Victim Jones)

The Grand Jury further charges that:

On or about November 28, 2014, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather,"

acting with others including MAURICE WOODSON and STANFORD WILLIAMS, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of DANTE JONES through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed DANTE JONES, by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

23

## Count 12 Notice of Special Findings
## Pursuant to Title 18, United States Code, Sections 3591 and 3592

As to Count 12, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

      1.    Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

      2.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and DANTE JONES died as a result of the act (18 U.S.C. § 3591(a)(2)(C));

      3.    Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and DANTE JONES died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

All pursuant to Title 18, United States Code, Section 3591.

As to Count 12, defendant **ANTHONY JORDAN, a/k/a "TT" or "Godfather"**:

      4.    Procured the commission of the offense by payment, or a promise of payment, of anything of pecuniary value (18 U.S.C. § 3592(c)(7)).

      5.    Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9));

      6.    DANTE JONES was particularly vulnerable due to infirmity or physical disability (18 U.S.C. § 3592(c)(11)).

24

## COUNT 13
### (Possession of Firearms in Furtherance of Drug Trafficking)

The Grand Jury further charges that:

On or about December 23, 2013; April 11, 2014; August 7, 2015; August 27, 2015; and August 28, 2015, within the Eastern District of Missouri, the defendant,

### ANTHONY JORDAN,
### a/k/a "TT" or "Godfather," and

acting alone and with others including ANTONIO WASHINGTON, did knowingly possess one or more firearms in furtherance of a drug trafficking crimes which may be prosecuted in a court of the United States; to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 1 herein.

In violation of Title 18, United States Code, Section 924(c)(l)(A).

**DEFENDANT:**      **CHARLES THOMPSON (Def. 28)**

## COUNT 14
### (Drug Conspiracy)
*[S4 Ct 3]*

The Grand Jury charges that:

Beginning on a date unknown to the grand jury, but including on or about January 1, 2002, and continuing up to and including August 27, 2015, within the Eastern District of Missouri, the defendant,

### CHARLES THOMPSON,
### a/k/a "Man Man,"

did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury, including, but not limited to, ANTHONY JORDAN and GLORIA WARD, to commit offenses against the United States, to wit: to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance drug.

In violation of Title 21, United States Code, Sections 846; and

The amount of cocaine involved in the conspiracy and attributable to defendant **CHARLES THOMPSON, a/k/a "Man Man,"** as a result of his own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to him, is five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT 15
### (Murder of Victim Parker)
*[S4 Ct 8]*

The Grand Jury further charges that:

On or about December 29, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### CHARLES THOMPSON,
### a/k/a "Man Man,"

aiding and abetting and acting with others including ANTHONY JORDAN, ANTONIO WASHINGTON, and GLORIA WARD, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 14 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of ROBERT "PARKER G" PARKER through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed ROBERT "PARKER G" PARKER by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## COUNT 16
**(Murder of Victim Walker)**
*[S4 Ct 8]*

The Grand Jury further charges that:

On or about December 29, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### CHARLES THOMPSON,
**a/k/a "Man Man,"**

aiding and abetting and acting with others including ANTHONY JORDAN, ANTONIO WASHINGTON and GLORIA WARD, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 14 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of CLARA WALKER through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed CLARA WALKER by shooting her with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

28

## COUNT 17
### (Murder of Victim Gridiron)
*[S4 Ct 9]*

The Grand Jury further charges that:

On or about January 21, 2014, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### CHARLES THOMPSON, a/k/a "Man Man,"

aiding and abetting and acting with others including ANTHONY JORDAN, ANTONIO WASHINGTON, and GLORIA WARD, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 14 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of MICHAIL "YELLOW MACK" GRIDIRON through the use of one or more firearms, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed MICHAIL "YELLOW MACK" GRIDIRON by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(1).

29

## COUNT 18
### (Possession of Firearms in Furtherance of Drug Trafficking)

The Grand Jury further charges that:

On or about December 23, 2013, within the Eastern District of Missouri, the defendant,

### CHARLES THOMPSON,
### a/k/a "Man Man,"

aiding and abetting and acting with others including ANTHONY JORDAN, ANTONIO WASHINGTON, and GLORIA WARD, did knowingly possess one or more firearms in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States; to wit: conspiracy to knowingly and intentionally distribute heroin and possess with the intent to distribute marijuana, as charged in Count 14 herein,

In violation of Title 18, United States Code, Section 924(c)(l)(A).

**DEFENDANTS:**      **ADRIAN LEMONS (Def. 2)**
**JOSE EDUARDO CAVAZOS (Def. 7)**
**MAURICE WOODSON (Def. 15)**
**VIRGIL SIMS (Def. 26)**

## COUNT 19
### (Drug Conspiracy)
*[S4 Cts 3 10, 11, 18]*

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**ADRIAN LEMONS, a/k/a "A.D.," or "D,"**
**VIRGIL SIMS, a/k/a "V.G.," or "B.G.,"**
**MAURICE WOODSON, a/k/a "Blue," or "Lil Blue," and**
**JOSE EDUARDO CAVAZOS,**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of cocaine involved in the conspiracy and attributable to defendants **ADRIAN LEMONS, a/k/a "A.D.," or "D," VIRGIL SIMS, a/k/a "V.G.," or "B.G.," MAURICE WOODSON, and JOSE EDUARDO CAVAZOS** as a result of his own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

31

## COUNT 20
### (Murder of Victim Earts)
*[S4 Ct 7]*

The Grand Jury further charges that:

On or about December 5, 2013, in the City of Saint Louis, within the Eastern District of Missouri, the defendants,

**ADRIAN LEMONS, a/k/a "A.D.," or "D," and
MAURICE WOODSON, a/k/a "Blue," or "Lil Blue,"**

acting with others including ANTHONY JORDAN and DORIAN FURNACE, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, as charged in Count 19 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of BYRON "BK" EARTS, SR. through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed BYRON "BK" EARTS, SR., by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

32

## COUNT 21
### (Attempt to Kill a Witness)
*[S4 Ct 37]*

The Grand Jury further charges that:

Beginning on a date unknown to the grand jury, but including between on or about February 1, 2016 and March 31, 2016, and continuing up to the date of this Indictment, within the Eastern District of Missouri, the defendant,

### MAURICE WOODSON,
#### a/k/a "Blue," or "Lil Blue,"

did knowingly and intentionally conspire, combine, confederate and agree, with other persons both known and unknown to the federal grand jury, to commit offenses against the United States, to wit: to kill and attempt to kill a person with the intent to prevent the attendance and testimony of a person in an official proceeding, namely *United States v. Maurice Woodson, a/k/a "Blue," or "Lil Blue," et al*, S1-4:15CR 404 HEA/NAB.

In violation of Title 18, United States Code, Sections 1512(a)(1)(A), and (k), and punishable under Title 18, United States Code, Sections 1512(3) and (k).

33

## COUNT 22
**(Possession of a Firearm in Furtherance of Drug Trafficking)**
*[S4 Ct 12]*

The Grand Jury further charges that:

On or about February 6, 2014, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS,
**a/k/a "AD," or "D,"**

acting with others including TERRY GILLIAM, did knowingly possess a firearm, namely a Sturm-Ruger .40 caliber semi-automatic pistol, in furtherance of the drug trafficking crime charged in Count 19 herein, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 23
**(Possession of a Firearm in Furtherance of Drug Trafficking)**
*[S4 Ct 24]*

The Grand Jury further charges that:

On or about January 13, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS,
**a/k/a "AD," or "D,"**

did knowingly possess a firearm, namely a Carl Walther make, PPS model, .40 S&W caliber semi-automatic pistol, in furtherance of the drug trafficking crime charged in Count 19 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A), and punishable under Section 924(c)(1)(C)(i).

## COUNT 24
### (Felon in Possession of a Firearm)
*[S4 Ct 25]*

The Grand Jury further charges that:

On or about January 13, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS,
### a/k/a "AD," or "D,"

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Carl Walther make, PPS model, .40 S&W caliber semi-automatic pistol, said firearm having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

35

## COUNT 25
### (Money Laundering Conspiracy)
*[S4 Cts 53, 54, 55]*

The Grand Jury further charges that:

Beginning around February 2012 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendant,

### ADRIAN LEMONS,
### a/k/a "A.D.," or "D,"

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: the defendant knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

36

**COUNT 26**
**(Money Laundering)**
*[S4 Ct 52]*

The Grand Jury further charges that:

On or about July 8, 2014, in the Eastern District of Missouri, the defendant,

**ADRIAN LEMONS,**
**a/k/a "A.D.," or "D,"**

did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, that is, Neighbors Credit Union, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is a withdrawal, transfer, and exchange of funds, such property having been derived from a specified unlawful activity, to wit: the distribution of cocaine, a Schedule II controlled substance, in violation of Title 18, United States Code, Sections 1957.

37

## COUNT 27
### (Murder of Victim Jones)

The Grand Jury further charges that:

On or about November 28, 2014, in the City of Saint Louis, within the Eastern District of Missouri, the defendant,

### MAURICE WOODSON,
### a/k/a "Blue," or "Lil Blue,"

acting with others including ANTHONY JORDAN and STANFORD WILLIAMS, did knowingly possess, brandish and discharge one or more firearms in furtherance of drug trafficking crimes which may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to knowingly and intentionally possess with the intent to distribute cocaine, as charged in Count 19 herein.

In violation of Title 18, United States Code, Sections 2 and 924(c)(l)(A).

And in the course of this violation caused the death of DANTE JONES through the use of the firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, acting with malice aforethought, unlawfully killed DANTE JONES, by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j)(l).

## COUNT 28
### (Possession with Intent to Distribute)
*[S4 Ct 21]*

The Grand Jury further charges that:

On or about April 30, 2015, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### MAURICE WOODSON,
### a/k/a "Blue," or "Lil Blue,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 29
### (Possession with Intent to Distribute)
*[S4 Ct 23]*

The Grand Jury further charges that:

On or about December 9, 2015, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### MAURICE WOODSON,
### a/k/a "Blue," or "Lil Blue,"

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and punishable under Title 21, United States Code, Section 841(b)(1)(C).

## COUNT 30
### (Felon in Possession of a Firearm)
*[S4 Ct 26]*

The Grand Jury further charges that:

On or about January 13, 2016, in St. Louis City, within the Eastern District of Missouri and elsewhere, the defendant,

### MAURICE WOODSON,
### a/k/a "Blue," or "Lil Blue,"

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Sig Sauer make, P239 model, .40 caliber semi-automatic pistol, said firearm having previously traveled in interstate or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

**DEFENDANTS:**     **MICHAEL GRADY (Def. 29)**
                    **OSCAR DILLON (Def. 30)**

### COUNT 31
### (Drug Conspiracy)
### *[S4 Ct 3]*

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

### MICHAEL GRADY, and
### OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, including DERRICK TERRY, STANFORD WILLIAMS, and others, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of cocaine involved in the conspiracy and attributable to defendants **MICHAEL GRADY and OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"** as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT 32
### (Obstruction of Justice)
*[S4 Ct 28]*

The Grand Jury further charges that:

Beginning at an exact time unknown, but including in or about January 2016 through July 27, 2016, within the Eastern District of Missouri and elsewhere, the defendants,

### MICHAEL GRADY, and
### OSCAR DILLON, III a/k/a "Ant," "Chest," "Muscles,"

acting together and with others including DERRICK TERRY, CHARDA DAVIS, and STANFORD WILLIAMS did knowingly corruptly obstruct, influence, and impede an official proceeding, namely, *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB, and did knowingly attempt to obstruct, influence, and impede said official proceeding, and in furtherance thereof, each defendant took a substantial step, including the flight of DERRICK TERRY to Dallas, Texas, all in violation of Title 18, United States Code, Sections 2 and 1512(c)(2).

## COUNT 33
### (Unlawful Flight to Avoid Prosecution)
*[S4 Ct 29]*

The Grand Jury further charges that:

Beginning at an exact time unknown, but including in or about January 2016 through July 27, 2016, within the Eastern District of Missouri and elsewhere, the defendants,

**MICHAEL GRADY, and**
**OSCAR DILLON, III a/k/a "Ant," "Chest," "Muscles," and**

acting together and with others including DERRICK TERRY, CHÁRDA DAVIS, and STANFORD WILLIAMS did knowingly travel, or cause, counsel, and command another to travel in interstate commerce with the intent to avoid prosecution for a felony offense, namely conspiracy to distribute cocaine charged in *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB, charged under the laws of the United States within the Eastern District of Missouri from which DERRICK TERRY fled, in violation of Title 18, United States Code, Sections 2 and 1073.

43

## COUNT 34
### (Money Laundering)
*[S4 Ct 51]*

The Grand Jury further charges that:

Beginning around August 2015 and continuing thereafter until the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**MICHAEL GRADY, and**
**OSCAR DILLON, III a/k/a "Ant," "Chest," "Muscles," and**

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury, including DERRICK TERRY, STANFORD WILLIAMS, and others, to commit offenses against the United States, to wit: knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

44

## COUNT 35
### (Witness Tampering)

The Grand Jury further charges that:

Beginning at an exact time unknown, but including between or about December 2, 2016 and December 8, 2016, in Lincoln County, within the Eastern District of Missouri, and elsewhere, the defendant,

### MICHAEL GRADY,

did knowingly attempt to corruptly influence the testimony of any person in an official proceeding, namely, *United States v. Michael Grady, et al*, S4-4:15CR 404 HEA/NAB, and in furtherance thereof, the defendant took a substantial step, including but not limited to the following: (1) contacting a confined cooperating witness; (2) requesting that the cooperating witness create an affidavit specifying that that a particular financial transaction did not occur; (3) directing the cooperating witness to include other information in an affidavit; and (4) by causing said affidavit to be filed in a court proceeding in this matter on or about December 8, 2016, all in violation of Title 18, United States Code, Section and 1512(b)(1).

**DEFENDANT:**     **FARRAAD JOHNSON (Def. 34)**

**COUNT 36**
**(Drug Conspiracy)**
*[S4 Cts 3, 39]*

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendant,

**FARRAAD JOHNSON, a/k/a "F,"**

did knowingly and willfully conspire, combine, confederate and agree with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of cocaine involved in the conspiracy and attributable to defendant **FARRAAD JOHNSON, a/k/a "F,"** as a result of his own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to him, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

46

## COUNT 37
### (Possession with the Intent to Distribute)
*[S4 Ct 39]*

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including July 20, 2016, in St. Louis County, within the Eastern District of Missouri, the defendant,

### FARRAAD JOHNSON, a/k/a "F,"

acting alone and with others, did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2; and

The amount of mixture or substance containing a detectable amount of cocaine involved in the offense attributable to defendant **FARRAAD JOHNSON, a/k/a "F,"** was in excess of five hundred grams, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

47

## COUNT 38
### (Possession of Firearms in Furtherance of Drug Trafficking)
*[S4 Ct 40]*

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including on or about July 20, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### FARRAAD JOHNSON, a/k/a "F,"

acting with others, did knowingly possess firearms, including: (1) a Springfield/HS Products (IM Metal), Model XD45, .45 caliber pistol; (2) a Sig Sauer (Sig-Arms) Model P320, .40 caliber pistol; (3) a Special Weapons, Model SW5, 9 mm rifle; and (4) a Keltec, CNC Industries, 5.56 mm firearm, in furtherance of the drug trafficking crime charged in Count 36, that is, to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2; and

The Special Weapons, Model SW5, 9 mm rifle, possessed by defendant **FARRAAD JOHNSON, a/k/a "F,"** is: (1) a short-barreled rifle, making the offense punishable under of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(i); and (2) a machinegun, making the offense punishable under of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

48

### COUNT 39
### (Possession of a Machine Gun)
*[S4 Ct 41]*

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including on or about July 20, 2016, in St. Louis County, within the Eastern District of Missouri and elsewhere, the defendant,

### FARRAAD JOHNSON, a/k/a "F,"

acting with others, did knowingly possess a machine gun, a weapon that shoots, is designed to shoot, and/or can readily be restored to shoot more than one shot without manual reloading, by a single function of the trigger, to wit: a Special Weapons, Model SW5, 9 mm rifle.

In violation of Title 18, United States Code, Sections 922(o) and 2, and punishable under Title 18, United States Code, Section 924(a)(2).

### COUNT 40
### (Maintaining a Drug-Involved Premises)
*[S4 Ct 43]*

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including on or about July 20, 2016, in St. Louis County, within the Eastern District of Missouri, the defendant,

### FARRAAD JOHNSON, a/k/a "F,"

acting with others, did manage and control the premises of 1136 Edlor Drive, St. Louis County, Missouri, as an occupant, and did knowingly and intentionally make available for use the premises for the purpose of unlawfully manufacturing, storing, distributing, and using a controlled substance, in violation of Title 21, United States Code, Section 856(a)(2), and punishable under Title 21, United States Code, Section 856(b).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 21, United States Code, Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 846 or 848 as set forth in this indictment, the defendant(s) shall forfeit to the United States of America any property, constituting, or derived from, any proceeds the defendant(s) obtained, directly or indirectly, as a result of such violation(s) and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation(s).

2.      Subject to forfeiture upon a conviction of all applicable counts of the indictment is a sum of money equal to the total value of property, real or personal, constituting, or derived from, any proceeds obtained directly or indirectly as a result of such violation(s).

3.      Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922 or 924 as set forth in this indictment, the defendant(s) shall forfeit to the United States of America any firearm or ammunition involved in or used or intended to be used in said offense.

4.      Pursuant to Title 18, United States Code, Section 982, upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h) as set forth in Counts Forty-Nine through Fifty-Six of the Indictment, the defendants identified therein shall forfeit to the United States of America:

        a.      any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956; and

     b.     any property traceable to such property.

    5.    The specific property subject to forfeiture includes, but is not limited to, the

following:

1. Approximately $3,960.00 U.S. Currency seized on or about April 15, 2016,
2. Approximately $245,492.53 U.S. Currency seized on or about January 13, 2016,
3. Approximately $4,000.00 U.S. Currency seized on or about January 13, 2016,
4. 2005 BMW Coupe 645Ci, VIN: WBAEH73445B192800 seized on or about January 13, 2016,
5. 2004 Chevrolet Silverado, VIN: 2GCEK19N141150052 seized on or about September 16, 2015,
6. 2004 Pontiac GTO, VIN: 6G2VX12G14L178092 seized on or about September 16, 2015,
7. 2005 Pontiac Grand Prix, VIN: 2G2WC52C651329470 seized on or about August 27, 2015,
8. 2006 Jeep Grand Cherokee SRT, VIN: 1J8HR78346C341479 seized on or about August 27, 2015,
9. Miscellaneous Jewelry seized on or about January 13, 2016, more particularly described as follows:

    a.    One 10KT white gold diamond bracelet,
    b.    U.S. Polo Assn. wrist watch, 2 earrings, one silver bowtie ring, one bowtie earring, 2 fashion rings,
    c.    One pair 14KT white gold earstuds,
    d.    One stainless steel gent's Movado watch, Model 0606800 with misc watch links and pins, Ser No: 13506901,
    e.    One brass & white gold moth jewelry "grillz,"
    f.    One gent's Johnny's brand wristwatch and one gent's Kenneth Cole Quartz wristwatch,
    g.    One square link chain and diamond cross pendant,
    h.    One 10KT white gold mouth jewelry "grillz",
    i.    One gent's Rolex Oyster Perpetual watch with approximate diamond weight 27.85ct on band, Ser No: 6510592, and
    j.    One 14KT yellow gold man's diamond cluster ring.

10. Jimenez Arms Inc. Pistol and Miscellaneous Ammunition, Serial No: 1153267 seized on or about January 13, 2016,
11. Sig Sauer P239 .40 Pistol, Serial No: SBU020543 seized on or about January 13, 2016,
12. Zastava Pap M92 PV 7.62 Pistol, M92PV055336 seized on or about January 13, 2016,

13.  Springfield/HS Products (IM Metal), Model XD45, .45 caliber pistol, seized on or about July 20, 2016,

14.  Sig Sauer (Sig-Arms) Model P320, .40 caliber pistol, seized on or about July 20, 2016,

15.  Special Weapons, Model SW5, 9 mm rifle, seized on or about July 20, 2016,

16.  Keltec, CNC Industries, 5.56 mm firearm, seized on or about July 20, 2016,

17.  Kimber, Model Solo Carry, 9 mm pistol, seized on or about July 20, 2016,

18.  Bushmaster Firearms, Model XM15-E2S, 5.56 mm pistol, seized on or about July 20, 2016,

19.  10 Inc. (Inter Ordnance), Model AKM247T, 7.62 caliber rifle, seized on or about July 20, 2016,

20.  Zastava, Model PAP M85 NP, 5.56 mm rifle, seized on or about July 20, 2016, and

21.  The following real properties, together with all appurtenances, improvements, and attachments thereon:

    a.  6451 Clayton Road, Unit 209, St. Louis, MO, 63117
    b.  2836 Lyndhurst Avenue, St. Louis, MO 63114
    c.  5257-5259 Northland Avenue, St. Louis, MO 63113
    d.  4569 Alcott Avenue, St. Louis, MO 63120
    e.  3814 Council Grove Avenue, St. Louis, MO 63120
    f.  5518 Floy Avenue, St. Louis, MO 63136
    g.  11553 Poeggemoeller Avenue, St. Louis, Missouri 63138
    h.  877 Wall Street, St. Louis, MO 63147
    i.  8546 Concord Place, St. Louis, MO 63147
    j.  815 Elias Avenue, St. Louis, MO 63147
    k.  1600 McLaran Ave, St. Louis, MO 63147

6.  If any of the property described above, as a result of any act or omission of the defendant(s):

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL

_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____

THOMAS REA, #53245MO
ERIN GRANGER #53593MO
MICHAEL A. REILLY, #43908MO
Assistant United States Attorneys