UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. S4-15 CR 404 HEA (NAB) |
| vs. | ) |
| | ) *This is a Capital Case* |
| ANTHONY JORDAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this        day of                   , 2019, upon consideration of the Defendant's Motion to Modify Conditions of Confinement, and the Government's response, it is hereby **ORDERED** that the defendant's motion is **GRANTED**.

The Warden of the Marion County Jail is hereby **ORDERED** to immediately put into effect the following modifications to the conditions of Anthony Jordan's confinement:

1. Mr. Jordan shall be placed in general population.

2. Mr. Jordan have the same phone and visiting privileges as other pretrial detainees with regard to calls and visits from his children, their mothers, his mother and his sister.

3. Mr. Jordan should be permitted to call his counsel from a phone line which is not subject to recording for purposes of preserving the attorney/client privilege which attaches to those communications.

BY THE COURT:

_____
**THE HONORABLE NANNETTE A. BAKER**
**United States Magistrate Court Judge**

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S4-15 CR 404 HEA (NAB) |
| vs. ) | |
| ) | *This is a Capital Case* |
| ANTHONY JORDAN, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO MODIFY CONDITIONS OF CONFINEMENT

COMES NOW defendant, Anthony Jordan, by and through counsel, J. William Lucco Michael J. Gorla, and Maria A. Pedraza to request modification of his conditions of confinement. In support of this motion, defendant states as follows:

1. Anthony Jordan was arrested on August 25, 2015 and has remained in custody since that date.

2. Following his arrest he was housed at St. Charles County Jail until January 11, 2016 when he was moved to the Jennings City Jail at request of defense counsel.

3. He remained the Jennings City Jail until March 27, 2016 when he was moved to Alton City Jail for disciplinary reasons based on something that was allegedly overheard in a phone call which lead authorities to believe that Mr. Jordan was attempting to breach security protocols.

4. Upon being moved to Alton, Mr. Jordan was placed in solitary confinement.

5. Mr. Jordan remained at Alton until July 28, 2016 when he was moved to the St. Clair County Jail, once again  for alleged disciplinary reasons.  Specifically, it was  alleged

Page **1** of **7**

that Mr. Jordan engaged in prohibited conduct during a social visit with a non-family member.

6. While at St. Clair, Mr. Jordan remained in solitary confinement.

7. On August 31, 2018, Mr. Jordan was moved to the Marion County Jail in Palmyra, Missouri after it was alleged that he made a veiled threat to a corrections officer who found a cryptic note in his cell.

8. Prior to being moved from St. Clair, Mr. Jordan was never more than an hour away from the City of St. Louis at any of the facilities where he was housed.  Since being moved to Palmyra, counsel and his family are required to travel approximately two hours in each direction to visit with him in person.

9. **The defendant is being held 24 hours a day in a booking cell located in an area of constant activity, which is devoid of any privacy.**  The area where Mr. Jordan is housed is meant to serve as temporary housing.  The cell lacks many basic features since occupants are only meant to reside in them for short periods of time.  In fact, the cells do not contain a bed.  Instead, Mr. Jordan has been sleeping on a mattress which is laid on top of a wooden bench. Although the cell is equipped with a toilet and a sink, the facilities lack privacy as compared to the cells in the other parts of the jail.

10. The location of the cell has constant traffic due to the normal operations of the facility and booking and processing operations occur 24 hours a day.  However, because Mr. Jordan is permanently confined in that area, he has suffered from severe lack of sleep due to the constant noise and light in the area.

11. **The defendant's telephone privileges are severely restricted, and his phone calls to counsel are likely monitored since they are required to be made from the same**

**phone as calls to family.**  Upon his arrival at Palymra, Mr. Jordan was initially permitted to make phone calls in accordance with jail policy.  This arrangement was stopped at the Government's request for reasons unrelated to misconduct.  Between October 9, 2018 until the middle of December 2018, Mr. Jordan was not permitted to make any telephone calls except to counsel.  Beginning in late December 2018, he was allowed to make two 15-minute phone calls per week to speak to the mothers of his children and his children.

12. Due to the restrictions on the length of calls, the number of calls permitted to be made on a weekly basis, and the people he is permitted to call, Mr. Jordan has been unable to speak to his mother or his sister while at Palmyra.

13. Mr. Jordan's phone calls to counsel are required to be made from the same line used for social calls; accordingly, those phone calls are recorded in violation of the Sixth Amendment of the United States Constitution.

14. **The defendant is being denied the visitation allowed to other detainees/inmates.** Mr. Jordan is only permitted to have one in person social visit per month. The permitted social visit may only be with his children and their mothers.  Because they are unable to come up simultaneously, Mr. Jordan can at best expect to see each of his children once, every other month.

15. These restrictions are grossly out of line with the phone and visitation policies at the Marion County Jail.

16. Specifically, according to the Marion County Sheriff's Office Jail Division website, detainees are permitted two visits per week. See Marion County Sheriff's Office Jail Division <http://www.mcsomo.com/jail-division/> (accessed March 25, 2019) (print-

out of the page annexed hereto as Exhibit A).  Additionally, the facility provides a means of remote visiting through video conferencing.  <u>Id.</u>  Detainees are permitted three remote visits per week which are paid for by the inmate through funds contained in their accounts.  <u>Id.</u>

17. Mr. Jordan is not permitted any remote visits despite the fact that his children all reside in the St. Louis area, approximately two hours away from the facility.

18. It does not appear that the facility restricts phone calls by detainees to their families to the extent Mr. Jordan's phone usage is restricted.  <u>Id.</u>

19. Despite any security concerns, none of which have ever arisen as a result of conduct during any visits or phone calls with his children or their mothers, Mr. Jordan should be permitted to contact his children, their mothers, his mother and sister with at least the same regularity as other detainees at the facility.

20. Mr. Jordan should also be permitted to have remote visits with his family members especially given how far from St. Louis he is being housed.

21. **The defendant has been held in solitary confinement for the last three years at the whim of the Government.**  As of the filing of this motion, Mr. Jordan has been in solitary confinement for just over three years, approximately 1,100 days.  This condition of confinement has not been due to any orders issued by this Court.  Based on information and belief, this condition of confinement has been at the request of the Government.

22. It is important to note that Mr. Jordan has not been convicted of any offense and is presumed innocent under the United States Constitution.  For convicted prisoners, the Supreme Court has recognized that "[c]onfinement in a prison or in an isolation cell is

a form of punishment subject to scrutiny under the Eighth Amendment." See Hutto v. Finney, 437 U.S. 678, 685 (1978). "Although 'the Eighth Amendment has no application' until there has been a 'formal adjudication of guilt'….the Fifth Amendment gives federal pretrial detainees [ ] rights which are *at least as great* at the Eighth Amendment protections available to a convicted prisoner." See Walton v. Dawson, 752 F.3d 1109, 1117 (8th Cir. 2014) (emphasis in original).

23. "The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979)).

24. Pretrial detention conditions violate due process if they amount to punishment. See Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996); see also Price v. Moody, 677 F.2d 676, 677-78 (8th Cir. 1982) (reversing dismissal of Civil Rights Act action based on prosecutorial immunity where prisoner alleged prosecutor personally directed that prisoner be taken to specific jail and confined under offensive conditions).

25. **The defendant requests the following specific modifications for conditions of confinement outlined in this paragraph and paragraphs 26 and 27 below.** Due to the unreasonable length of time Mr. Jordan has spent in solitary confinement, this Court should order that Mr. Jordan be placed in general population.

26. Additionally, this Court should order that Mr. Jordan be given the same phone and visiting privileges as other pretrial detainees with regard to calls and visits from his children, their mothers, his mother and his sister.

Page **5** of **7**

27. Lastly, Mr. Jordan should be permitted to call his counsel from a phone line which is not subject to recording for purposes of preserving the attorney/client privilege which attaches to those communications.

28. Attorney Michael J. Gorla contacted Assistant United States Attorney Thomas S. Rea regarding the relief requested herein. Mr. Rea informed Mr. Gorla that the Government would not agree to the requested relief.

WHEREFORE, counsel respectfully requests that the Court grant the instant motion and modify the conditions of Mr. Jordan's confinement as requested herein and contained in the attached proposed order.

Respectfully submitted,

/s/ J. William Lucco
J. William Lucco, #01701835IL
Lucco, Brown, Threlkeld & Dawson, LLP
224 St. Louis Street
Edwardsville, Illinois 62025
(618) 656-2321
(618) 656-2363 - Facsimile
Email: blucco@lbtlaw.com

/s/ Michael J. Gorla
Michael J. Gorla, #26399MO
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
Email: mjgorla@msn.com

/s/ Maria A. Pedraza
Maria A. Pedraza, #317458PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 (facsimile)
Email: maria_pedraza@fd.org

*Counsel for Defendant Anthony Jordan*

# Exhibit A



| Home | Sheriff | Divisions | Dispatch | Services | Contact Us | News Release |

# Jail Division

Home / Jail Division

**ONSITE VISITING HOURS**
Monday – Friday
5:00 p.m. – 10:00 p.m.
Saturday – Sunday
8:00 a.m. – 12:00 p.m.
12:30 – 4:30 p.m.
5:00 p.m. – 10:00 p.m.

**REMOTE VISITING HOURS**
Sunday – Saturday
8:00 a.m. – 12:00 p.m.
12:30 p.m. – 4:30 p.m.
5:00 p.m. – 10:00 p.m.



All visits must be scheduled 24 hours prior to the appointment or up to one week in advance.  Inmates can only have 2 visits per week (onsite), so visitors must be sure to schedule their visits with other family and friends. You can only have one visit per day only.

Inmates can have three remote visits per week. To schedule a remote visit you will need to have a least $10.00 in your ICSolutions prepaid account. If you need to add funds, please go to www.icsolutions.com or call 888-506-8407.

Visitor wishing to visit from home should test their connection  prior to scheduling a visit. Please go to www.icsvideovisit.com for instructions.

Each visitor must show a valid picture ID with date of birth on it. Items such as bags, coats, hats, jackets, cell phones, weapons, cameras, food or drink will not be permitted in the visiting area. Please secure these items in your car. You must wear appropriate clothing during visitation times and conduct yourself in a suitable manner.

Visitation can be cancelled at any time due to unforeseen problems. Any questions or problems can be addressed to Jail Administrator Kevin Coates at 573-629-0414.

**VISITING RULES**
1. Inmate must be in custody three (3) days before a visit is allowed.
2. Inmates are allowed three Onsite and three Remote visit per week for 20 minutes. (one visit per day only)
3. Each Visit is limited to four (4) persons at a time.
4. Children can visit on both days.
5. Visitors are subject to STAFF approval. If you are a co-defendant in a case involving the inmate you wish to visit, STOP! You will not be allowed to visit.
6. Out of town visitors traveling 100 miles or more are limited to 1 hour visit a month, this visit will only be on the weekends. You must fill out a visitation form and be approved prior to an hour visit, this form must be turned in the Thursday prior to the visit before noon. This does not guarantee an hour visit. The form can be mailed to the jail.

Click here to download the form.

**FUNDS**
At intake if the person has money with them,  it will be placed in a Kiosk to start the individual an account. They will also be given a paper with our phone number and their inmate ID# and a website that they can give to their family and friends to put money on their accounts. Money orders can be mailed to our facility.  The name and individual who is to receive it and who is sending it should be clearly legible.  A receipt will be issued to the inmate. There should not be any other papers in the envelope with the money order or it will all be returned.

Enter keywords...

## Contact Us



Marion Coun...
View larger map

**Address:**
1703 Marion City Road
Palmyra, MO 63461

**Palmyra Phone:**
573-769-2077
**Hannibal Phone:**
573-221-0678

Missouri Sheriff's Association Spring Magazine

Funds can also be added to the individual's account by calling Access Secure Deposits at 866-345-1884 or by internet site www.inmatedeposits.com. We also have a Kiosk in the lobby at the jail. These have fees depending on the amount you deposit.

You will need to ask your family member for their inmate ID# or click HERE to go to the active inmate list when you use the Access Secure Deposit system. Also, when you use Access Secure Deposits the funds are approved and placed on the individual's account within 24 hours.

PHONE SERVICE

We know how important it is for you to receive calls from your family members. We have two ways of providing this service. ICSolution is our phone provider.

ICSolutions– can be contacted by phone or internet. You must set up an account to start the services. Their number is 888-506-8407 or www.ICSolutions.com. The web site does give information on how their services work.

We also have voicemail available where you can leave a message. That number is 573-719-1071.

BONDING

The Marion County Sheriff's Office is also taking bond payments with GovPayNet. They accept the following credit, debit & prepaid debit card brands (or any combination): Master Card, Visa, American Express, Discover, Debit Cards. This is a 24 hour service 7 days a week at www.GovPayNow.com or 1-(888)604-7888.

MAIL PROCEDURES

All incoming mail is checked for contraband by detention staff. Legal and governmental mail is accepted without restriction.  Mail that is clearly labeled as legal/governmental paperwork will be opened and examined for contraband, in the inmates' presence and will not be read by Detention Staff.

Non-legal/non-governmental correspondence is accepted in the form of postcards.  This practice provides a safer, contraband free environment for both inmates and the staff.  All postcards not meeting approved standards will be returned to sender.  All postcards must be no larger than a 5" by 7".  A post card can be made from a picture which can be sent in but no pictures or stickers may be attached to a card.  Pictures may not be of a pornographic or lewd nature and may not include representations of illegal activity.  **Post cards will not be laminated nor pictures** due to security reason.  Bible study sheets can be mailed into the facility as well as soft covered books from publishers.

Money orders can be mailed to our facility.  The name and individual who is to receive it and who is sending it should be clearly legible.  A receipt will be issued to the inmate. There should not be any other papers in the envelope with the money order or it will all be returned.

 CONTACTING THE JAIL DIVISION
Correction Officers – 573-629-0421
Jail Administrator, Kevin Coates – 573-629-0414
Nurse, Lori O'Brien – 573-629-0407
Kitchen Extension – 573-769-2077 x 1024
Inmate Funds/Phones/Commissary – 573-629-0406

**Address:** 1703 Marion City Road, Palmyra, MO 63461                                   website designed by Poole Communications

**Palmyra Phone:** 573-769-2077 | **Hannibal Phone:** 573-221-0678

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:  Mr. Michael A. Reilly, Mr. Thomas S. Rea, and Ms. Erin Granger, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla
/s/ J. William Lucco
/s/ Maria A. Pedraza