UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. S5-4:15 CR 404(3) HEA (NAB) |
| vs. | ) | |
| | ) | *This is a Capital Case* |
| ANTHONY JORDAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS THE INDICTMENT BASED ON
SELECTIVE AND VINDICTIVE PROSECUTION OR IN THE ALTERNATIVE
STRIKE THE NOTICE OF INTENT TO SEEK THE DEATH PENALTY OR PROVIDE
THE DEFENDANT WITH ADDITIONAL DISCOVERY REGARDING THE DECISION
TO SEEK THE DEATH PENALTY**

Anthony Jordan, by and through counsel, J. William Lucco, Michael J. Gorla, Maria A. Pedraza, James J. McHugh, Jr., and Hunter S. Labovitz, states the following to the Court regarding the instant motion to dismiss the indictment based on selective and vindictive prosecution or in the alternative strike the notice of intent to seek the death penalty or provide the defendant with additional discovery regarding the decision to seek the death penalty:

(1) On August 27, 2015, Anthony Jordan was arrested in connection with the original indictment, which had been filed the day before. *See United States v. Anthony Jordan,* Criminal Number 4:15-CR-00404-HEAD-NAB-3 Docket Sheet at Entry #1 (Indictment) and Second Unnumbered Entry dated 8/27/15 (Arrest).

(2) The original indictment consisted of three counts which charged only Mr. Jordan with possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 (Count One); and two counts of possession,

        brandishing and discharging a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)A) and 924(j)(1) (Counts Two and Three). The last two counts referenced a penalty provision which carried the possibility of the death penalty.

(3)    The allegations in Count One alleged involvement in a drug conspiracy which allegedly began when Mr. Jordan was 15 years old.

(4)    The allegations in Counts Two and Three stemmed from the murders of Robert "Parker G" Parker and Clara Walker on December 29, 2013, and Michail "Yellow Mack" Gridiron on January 21, 2014, respectively.

(5)    A superseding indictment was filed on January 7, 2016, which added seventeen defendants in addition to Mr. Jordan. *Id.* at Entry #34. One death eligible offense charging Mr. Jordan was added. Four death eligible defendants were listed in the indictment in addition to Mr. Jordan.

(6)    Jose Alfredo Velazquez was charged with a death eligible offense in Count One of the superseding indictment alleged his participation in a continuing criminal enterprise in violation of 21 U.S.C §§ 848(a), 848(c), 848(e) and 18 U.S.C. § 2.

(7)    Adrian Lemons was also charged in Count One with the offenses described above. In addition, he was charged with two other capital offenses along with Mr. Jordan in Count Five and Count Six in relation with their alleged involvement in the murder of Byron Earts on December 5, 2013.

(8)    Maurice Woodson was also charged in Count Six with a death eligible offense together with Mr. Lemons and Mr. Jordan.

(9) Gloria Ward was charged in Count Eight with a death eligible offense together with Mr. Jordan in connection with her alleged involvement with the murder of Mikhail "Yellow Mack" Gridiron.

(10) A second superseding indictment was filed on February 18, 2016, which added three non-capital defendants. *Id.* at Entry #244.

(11) A third superseding indictment was filed on April 14, 2016, which added six non-capital defendants, and added a death eligible offense to Mr. Jordan and a previously charged defendant. *Id.* at Entry #391.

(12) Specifically, Mr. Jordan and Derrick Terry were charged in Count 5 with their alleged involvement in the murder of Anthony "Blinky" Clark.

(13) On June 10, 2016, the Government filed a notice with the Court indicating that the decision whether to seek the death penalty against Mr. Jordan, Adrian Lemons, Derrick Terry, Maurice Woodson, and Gloria Ward remained under advisement. *Id.* at Entry #540.

(14) A fourth superseding indictment was filed on December 1, 2016, which added six non-capital defendants, one death eligible defendant and added a death eligible count to four previously charged defendants. *Id.* at Entry #679.

(15) Adrian Lemons, Maurice Woodson and Virgil Sims were charged in Count 19 with their alleged involvement in a continuing criminal enterprise which, as one of the alleged predicate acts, carried out the murder of William "Lil Will" Thomas.

(16) Gloria Ward was charged in Count Five with her alleged involvement in the Anthony "Blinky" Clark murder, and in Count Eight with her alleged involvement in the Robert "Parker G" Parker and Clara Walker murders.

(17) Derrick Terry and Mr. Jordan were charged in Count Fifty-Six with their alleged involvement in the murders of Keairrah Johnson and Marquis Jones.

(18) Charles Thompson was charged along with Mr. Jordan and Gloria Ward in Counts Eight in connection with their alleged involvement in the Robert "Parker G" Parker and Clara Walker murders, and in Count Nine in connection with their alleged involvement in the Mikhail "Yellow Mack" Gridiron murder.

(19) In February 2016, the Government orally notified the Court and defense counsel that the United States Department of Justice had decided against seeking the death penalty against Mr. Jordan.

(20) On March 30, 2017, newly appointed Attorney General Jefferson Beauregard Sessions traveled to St. Louis, Missouri and participated in a press conference during which he specifically referenced the murder of Clara Walker.  *See Sessions Vows to Fight Violent Crime and Heroin in St. Louis Speech*, fox2now.com, https://fox2now.com/2017/03/31/attorney-general-sessions-to-speak-in-st-louis-friday/ (last visited Oct. 21, 2019).

(21) In the wake of this visit, the Government embarked on a heretofore-unprecedented endeavor to revisit the decision not to seek the death penalty against Mr. Jordan.

(22) On October 16, 2017, the Government filed a notice informing the Court of its decision not to seek the death penalty against defendants Adrian Lemons (charged

        with four death eligible offenses), Derrick Terry (charged with two death eligible offenses), Maurice Woodson (charged with three death eligible offenses), Gloria Ward (charged in three death eligible offenses), Virgil Sims (charged in one death eligible offense) and Charles Thompson (charged in two death eligible offenses). *See* Docket Entry #1289.

(23)    In November 2017, counsel for Mr. Jordan participated in a conference with the Assistant United States Attorneys assigned to this matter locally, as well as members of the Department of Justice Capital Case Section. The defense requested time to present additional information on Mr. Jordan's behalf for the Government's consideration.

(24)    On January 22, 2018, defense counsel for Mr. Jordan traveled to Washington D.C., to meet with the AUSAs and the Capital Case Section. Due to the pendency of additional testing authorized by this Court, defense counsel was provided additional time to present materials to the Government.

(25)    In March 2018, allegations of gender bias, sexual harassment and sexual assault within the Capital Case Section came to light through court filings and at least a dozen Equal Employment Opportunity Commission complaints. *See* Katie Benner, *At the Justice Dept.'s Death Penalty Unit, Accusations of Favoritism, Gender Bias and Unwanted Groping*, N.Y. Times, (Mar. 31, 2018), https://www.nytimes.com/2018/03/31/us/politics/justice-department-harassment-bias.html. The complaints directly involved the chief of the Capital Case Section, Kevin Carwile, and Gwynn Kinsey, Mr. Carwile's deputy. *Id.* Both men were demoted and reassigned. *See* Debra Cassens Weiss, *Leader of Justice*

*Department Unit is Demoted After Questions About Bias, 'Sexualized' Workplace*, ABA Journal (April 2, 2018), http://www.abajournal.com/news/article/leader_of_justices_death_penalty_unit_is_demoted_after_questions_about_sexu.

(26) In the wake of this, defense counsel was asked to return to Washington D.C. to meet with the newly reconstituted Capital Case Section.

(27) On June 11, 2018, defense counsel for Mr. Jordan again traveled to Washington, D.C. to meet with the AUSAs and the new members of the Capital Case Section. Additional materials were presented and discussed.

(28) Thereafter, on December 20, 2018, the Government filed a fifth superseding indictment together with a notice of intent to seek the death penalty against Mr. Jordan. *See United States v. Anthony Jordan,* Criminal Number 4:15-CR-00404-HEAD-NAB-3 Docket Sheet at Entry #1988 & 1989.

(29) In addition to the acts previously alleged, the fifth superseding indictment added charges relating to Mr. Jordan's alleged involvement in the murders of Al Walters, Linnie Jackson, Keith Burks on April 19, 2008; and Dante Jones on November 28, 2014.

(30) The Government's actions following the decision not to seek the death penalty demonstrate that Mr. Jordan was singled out for prosecution. This is especially apparent where defendants such as Adrian Lemons, Derrick Terry, Gloria Ward, Maurice Woodson, Charles Thompson, who were charged with multiple death eligible offenses, were not capitally authorized. This is also apparent from the

(31)      decision not to charge others with the same death eligible offenses as Mr. Jordan based on their alleged involvement in those offenses.

(31)      Moreover, the Government's decision to pursue the death penalty against Mr. Jordan demonstrates vindictiveness based on his decision to exercise his constitutionally protected right to proceed to trial.

(32)      As such, this Court should dismiss the indictment or, in the alternative, strike the notice of intent to seek the death penalty.

(33)      As a final alternative relief, this Court should order the Government to provide defense counsel with additional discovery regarding the Department of Justice's decision to seek the death penalty against Mr. Jordan and the decision not to seek the death penalty against the other death eligible defendants.

WHEREFORE, Mr. Jordan respectfully requests that this Court dismiss the indictment based on selective and vindictive prosecution or in the alternative strike the notice of intent to seek the death penalty or provide the defendant with additional discovery regarding the decision to seek the death penalty.

Respectfully submitted,

/s/ J. William Lucco
J. William Lucco, #01701835IL
Lucco, Brown, Threlkeld & Dawson, LLP
224 St. Louis Street
Edwardsville, Illinois 62025
(618) 656-2321
(618) 656-2363 - Facsimile
Email: blucco@lbtlaw.com

/s/ Michael J. Gorla
Michael J. Gorla, #26399MO
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
Email: mjgorla@msn.com

/s/ Maria A. Pedraza
Maria A. Pedraza, #317458PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email: maria_pedraza@fd.org

/s/Hunter S. Labovitz
Hunter S. Labovitz, #204760PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email:  hunter_s_labovitz@fd.org

*Counsel for Defendant Anthony Jordan*

/s/James J. McHugh, Jr.
James J. McHugh, Jr., #48308PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email: james_mchugh@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Michael A. Reilly, Mr. Thomas S. Rea, Ms. Erin Granger, and Ms. Sonia Jimenez, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla
/s/ J. William Lucco
/s/ Maria A. Pedraza
/s/ James J. McHugh, Jr.
/s/ Hunter S. Labovitz
*Attorneys for Anthony Jordan*