UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S5-4:15 CR 404 (3) HEA (NAB) |
| vs. ) | |
| ) | *This is a Capital Case* |
| ANTHONY JORDAN, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS COUNTS ONE AND THIRTEEN
OF THE FIFTH SUPERCEDING INDICTMENT
OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS**

Anthony Jordan, by and through counsel, J. William Lucco, Michael J. Gorla, Maria A. Pedraza, James J. McHugh, Jr., and Hunter S. Labovitz, states the following to the Court regarding the instant motion to dismiss Counts One and Thirteen of the fifth superseding indictment or, in the alternative, for a bill of particulars:

(1) On December 20, 2018, a Fifth Superseding Indictment was filed in this matter. Anthony Jordan is charged in Counts One through Thirteen which include, <u>inter alia</u>, a narcotics charge (Count One) and a charge of possession of a weapon in furtherance of a drug trafficking offense (Count Thirteen).

(2) Since the original indictment was filed in this matter in August 2015, the Government has turned over almost 30,000 pages of discovery, none of which pertains to the acts alleged in Count One, and very little of which pertains to Count Thirteen.

(3) Count One is alleged to have occurred between "January 2002 and August 27, 2015." See Fifth Superseding Indictment at page 2.

(4) Beyond alleging that a quantity in excess of 5 kilograms was involved in the alleged conspiracy, there are no specific dates, times, locations of the alleged transactions. Taken together with a time frame spanning thirteen and a half years, no reading of the indictment can be interpreted as providing adequate notice of the true nature of Count One.

(5) Without the requested relief, Count One is insufficient to put the defendant on notice as to the nature of the charge against him.

(6) Bearing in mind that Mr. Jordan was 15 years old in January 2002, a Bill of Particulars is especially necessary to the extent that the Fifth Superseding Indictment covers conduct which is alleged to have occurred between the ages of 15 and prior to attaining the age of 18.

(7) Only once the defense receives the relief requested in this motion, together with discovery relating to this Count, can legal remedies and/or defenses related to Mr. Jordan's status as a juvenile, be effectively pursued.

(8) Similarly, Count Thirteen lacks sufficient specificity to provide adequate notice of the nature of the charge.

(9) The Fifth Superseding Indictment alleges on December 23, 2013; April 11, 2014; August 7, 2015; August 27, 2015; and August 28, 2015, Mr. Jordan possessed a weapon in furtherance of the drug trafficking offenses contained in Count One. Id. at page 25.

(10) The indictment fails to allege which weapons were possessed on each of the dates. Although the Notice of Forfeiture (NOF) lists eleven weapons, none of the listed weapons was recovered on the dates listed in Count Thirteen. As such, the NOF fails to provide any insight and/or adequate notice such that could be viewed as curing the deficiencies of the Count Thirteen.

(11) This Count does not state which corresponding drug trafficking offenses were allegedly committed on each of listed dates. Moreover, to the extent that Count Thirteen incorporates Count One by reference, the former lacks specificity, and is insufficient to put the defendant on notice as to the nature of the charge.

(12) Neither one of these counts of the Fifth Superseding Indictment provide enough information to prepare a defense.

(13) Furthermore, the lack of specificity, together with the lack of discovery, makes it impossible for the defense team to prepare for trial.

(14) Accordingly, both counts should be dismissed.

WHEREFORE, Mr. Jordan respectfully requests that this Court dismiss Counts One and Thirteen of the Fifth Superseding Indictment, or in the alternative, order a Bill of Particulars. Furthermore, should the Court order a Bill of Particulars, the Government should also be ordered to provide the defendant with discovery as to these counts pursuant to Fed. R .Crim. P. 16.

Respectfully submitted,

/s/ J. William Lucco
J. William Lucco, #01701835IL
Lucco, Brown, Threlkeld & Dawson, LLP
224 St. Louis Street
Edwardsville, Illinois 62025
(618) 656-2321
(618) 656-2363 - Facsimile

/s/ Michael J. Gorla
Michael J. Gorla, #26399MO
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
Email: mjgorla@msn.com

Email: blucco@lbtlaw.com

/s/ Maria A. Pedraza
Maria A. Pedraza, #317458PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email: maria_pedraza@fd.org

/s/James J. McHugh, Jr.
James J. McHugh, Jr., #48308PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email: james_mchugh@fd.org

/s/Hunter S. Labovitz
Hunter S. Labovitz, #204760PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email:  hunter_s_labovitz@fd.org

*Counsel for Defendant Anthony Jordan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Michael A. Reilly, Mr. Thomas S. Rea, Ms. Erin Granger, and Ms. Sonia Jimenez, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla
/s/ J. William Lucco
/s/ Maria A. Pedraza
/s/ James J. McHugh, Jr.
/s/ Hunter S. Labovitz
*Attorneys for Anthony Jordan*