UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S5-4:15 CR 404 (3) HEA (NAB) |
| vs. ) | |
| ) | *This is a Capital Case* |
| ANTHONY JORDAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS ONE AND THIRTEEN OF THE FIFTH SUPERCEDING INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS**

Under Rule 7(f), the Court "may direct the government to file a bill of particulars" upon the defendant's motion. Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [and] to avoid or minimize the danger of surprise at trial." *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (quoting *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002)).

A bill of particulars also enables a defendant "to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *Hernandez*, 299 F.3d at 990. Thus, a defendant who "believes that an indictment does not provide enough information to prepare a defense . . . may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). The trial court has broad discretion to evaluate appropriateness of a bill of particulars. *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). An indictment adequately states an offense if

> "'it contains all of the essential elements of the offenses charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense…'"

*See United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).

Courts have recognized that situations exist where an indictment, which simply sets forth the elements of the offense charged, is insufficient. *See United States v. Dolan*, 120 F.3d 856, 866 (8th Cir. 1997) (holding that "[w]here the plain language of an indictment fails to alert a defendant of the 'precise nature of the government's allegations,' a bill of particulars can cure the deficiencies in the indictment's form"); *see also Will v. United States*, 389 U.S. 90, 101 (1967) (holding that the defendant required identification of the times, places and persons present in order to prepare his defense). An indictment "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (internal citations omitted). Counts One and Thirteen fail to inform the defendant of the "specific offense" and instead only recite the general category of offenses defined by the statute.

Courts have been reluctant to order a bill of particulars where the specifics of a generically stated offense in an indictment are available in necessary detail by other means, such as discovery. *See United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). Although voluminous discovery has been provided by the Government, none of the discovery pertains to Count One. Moreover, a very limited amount of discovery provided pertains to the alleged

possession of a weapon on one of the dates listed in Count Thirteen. Even with this small disclosure, the discovery provided does not create a nexus between the generic, non-specific allegations contained in Count One. Accordingly, the information sought through this Motion is necessary to enable Mr. Jordan to adequately prepare his defense to the allegations of Count One and Thirteen.

Here, Mr. Jordan is charged in Count One of the Fifth Superseding Indictment with Drug Conspiracy in violation of 21 U.S.C. § 846 and Count Thirteen with Possession of a Weapon in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A). Count One alleges that a conspiracy took place during a time frame "including on or about January 1, 2002, and continuing up to and including August 27, 2015"—a span of thirteen and a half years. Beyond alleging that a quantity in excess of 5 kilograms was involved in the alleged conspiracy, there are no specific dates, times, locations of the alleged transactions. Given the broad time frame alleged, no reading of the indictment can be interpreted as providing adequate notice of the true nature of Count One. As such, Counts One and Thirteen of the fifth superseding indictment should be dismissed. *See Russell v. United States,* 369 U.S. 749, 767-69 (1962) (noting that a bill of particulars cannot save an invalid indictment). Without the requested relief, Count One is so woefully insufficient to put the defendant on notice as to the nature of the charge against him as to be invalid.

In the alternative, bearing in mind that Mr. Jordan was 15 years old in January 2002, a Bill of Particulars is especially necessary to the extent that the Fifth Superseding Indictment covers conduct which is alleged to have occurred between the ages of 15 and prior to attaining the age of 18. Only until the defense receives the relief requested in this motion, together with discovery relating to this Count, can legal remedies and/or defenses related to Mr. Jordan's status

as a juvenile, be effectively pursued. *See, e.g., Roper v. Simmons*, 543 U.S. 551, 578 (2005) ("The Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed.")

Similarly, Count Thirteen lacks sufficient specificity to provide adequate notice of the nature of the charge. The Fifth Superseding Indictment alleges on December 23, 2013; April 11, 2014; August 7, 2015; August 27, 2015; and August 28, 2015, Mr. Jordan possessed a weapon in furtherance of the drug trafficking offenses contained in Count One. Id. at page 25. The indictment fails to allege which weapons were possessed on each of the dates. Although the Notice of Forfeiture (NOF) lists eleven weapons, none of the listed weapons was recovered on the dates listed in Count Thirteen. As such, the NOF fails to provide any insight and/or adequate notice such that could be viewed as curing the deficiencies of the Count Thirteen.

This Count does not state which corresponding drug trafficking offenses were allegedly committed on each of listed dates. Moreover, to the extent that Count Thirteen incorporates Count One by reference, the former lacks specificity, and is insufficient to put the defendant on notice as to the nature of the charge. Neither one of these counts of the Fifth Superseding Indictment provide enough information to prepare a defense and must be dismissed. Furthermore, the lack of specificity, together with the lack of discovery, makes it impossible for the defense team to prepare for trial.

WHEREFORE, Mr. Jordan respectfully requests that this Court dismiss Counts One and Thirteen of the Fifth Superseding Indictment or In The Alternative Order a Bill of Particulars. Furthermore, this Court should order the Government to provide the defendant with discovery as to these counts pursuant to Fed. R .Crim. P. 16.

Respectfully submitted,

/s/ J. William Lucco
J. William Lucco, #01701835IL
Lucco, Brown, Threlkeld & Dawson, LLP
224 St. Louis Street
Edwardsville, Illinois 62025
(618) 656-2321
(618) 656-2363 - Facsimile
Email: blucco@lbtlaw.com

/s/ Michael J. Gorla
Michael J. Gorla, #26399MO
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
Email: mjgorla@msn.com

/s/ Maria A. Pedraza
Maria A. Pedraza, #317458PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email: maria_pedraza@fd.org

/s/James J. McHugh, Jr.
James J. McHugh, Jr., #48308PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email: james_mchugh@fd.org

/s/Hunter S. Labovitz
Hunter S. Labovitz, #204760PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100
(215) 928-1112 Facsimile
Email:  hunter_s_labovitz@fd.org

*Counsel for Defendant Anthony Jordan*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Michael A. Reilly, Mr. Thomas S. Rea, Ms. Erin Granger, and Ms. Sonia Jimenez, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla
/s/ J. William Lucco
/s/ Maria A. Pedraza
/s/ James J. McHugh, Jr.
/s/ Hunter S. Labovitz
*Attorneys for Anthony Jordan*