UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S5-4:15 CR 404 (3) HEA (NAB) |
| vs. ) | |
| ) | *This is a Capital Case* |
| ANTHONY JORDAN, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO GOVERNMENT'S RESPONSE IN SUPPORT OF MOTION TO DISMISS COUNTS ONE AND THIRTEEN OF THE FIFTH SUPERCEDING INDICTMENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS**

This issue presented to this Court is whether a barebones assertion that a defendant violated a statute over thirteen and a half year period by simply restating the elements of the offense is sufficient to enable a person to prepare for trial and avoid or minimize surprise at trial. The vast nature of the time period covered by Count 1 and the vague nature of Count 13, establish that these counts of the indictment should be dismissed, or in the alternative a bill of particulars should be ordered.

As stated in the initial filing, the Eighth Circuit has recognized that situations exist where an indictment, which simply sets forth the elements of the offense charged, is insufficient. *See United States v. Dolan*, 120 F.3d 856, 866 (8th Cir. 1997) (holding that "[w]here the plain language of an indictment fails to alert a defendant of the 'precise nature of the government's allegations,' a bill of particulars can cure the deficiencies in the indictment's form"); *see also Will v. United States*, 389 U.S. 90, 101 (1967) (holding that the defendant required identification of the times, places and persons present in order to prepare his defense). An indictment "'must

be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (internal citations omitted).

Mr. Jordan is obviously on notice that he is generally charged with being involved in a drug conspiracy (Count 1) and possessing weapons in furtherance of a drug trafficking offense (Count 13), but this general notice does nothing to inform him of the acts he is alleged to have committed in furtherance of the conspiracy.  This is not a situation where Mr. Jordan is charged with having committed either of the offenses charged in Count 1 within a small window of time, nor those charged in Count 13 with respect to dates on which he is alleged to have committed any of the acts alleged in Counts 2 through 12.

In rebuttal, the Government argues that tracking the statute's elements is sufficient. While this may be true in the instance where a defendant is charged with having violated a statute on one particular date, the same cannot be said where the allegation involves over a decade of time.  The Government also contends that the defense is on notice as to the nature of the allegations because controlled substances seizure reports pertaining to others have been provided in discovery.  In support of this argument, the Government attached to its response discovery acknowledgement sheets which inventory the discovery provided to date.

The arguments advanced by Mr. Jordan are not meant to create blanket requirements for all prosecutions of the charged offenses.  Rather, the arguments reflect very unique situations which exist in this case based on the four corners of the indictment.  In this case, neither a listing of the elements of the offense nor details of how others may have committed drug offenses covered by the timespan contained in the indictment are sufficient to comport with notice

requirements.  Absent a specific connection to Mr. Jordan either through additional discovery or a Bill of Particulars, the defense would be left awaiting clarity through testimony at trial.

The defense has submitted a lengthy and detailed request for additional discovery to the Government.  *See United States v. Anthony Jordan,* Criminal Number 15-404 at docket number 2465 (Request for Discovery).  At the hearing held on December 13, 2019, in connection with other motions previously filed, the Government acknowledged receipt of this request.  Assuming the Government does not produce the discovery requested by the defense, the Court should order a Bill of Particulars to remedy the lack of notice created by the indictment as filed by the Government.

WHEREFORE, Mr. Jordan respectfully requests that this Court dismiss Counts 1 and 13 of the Fifth Superseding Indictment or In The Alternative Order a Bill of Particulars.  Furthermore, this Court should order the Government to provide the defendant with discovery as to these counts pursuant to Fed. R .Crim. P. 16.

Respectfully submitted,

/s/ J. William Lucco
J. William Lucco, #01701835IL
Lucco, Brown, Threlkeld & Dawson, LLP
224 St. Louis Street
Edwardsville, Illinois 62025
(618) 656-2321
(618) 656-2363 - Facsimile
Email: blucco@lbtlaw.com

/s/ Michael J. Gorla
Michael J. Gorla, #26399MO
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
Email: mjgorla@msn.com

/s/ Maria A. Pedraza
Maria A. Pedraza, #317458PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100

/s/James J. McHugh, Jr.
James J. McHugh, Jr., #48308PA
Federal Community Defender for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
(215) 928-1100

(215) 928-1112 Facsimile  
Email: maria_pedraza@fd.org

(215) 928-1112 Facsimile  
Email: james_mchugh@fd.org

/s/Hunter S. Labovitz  
Hunter S. Labovitz, #204760PA  
Federal Community Defender for the  
Eastern District of Pennsylvania  
601 Walnut Street, Suite 540W  
Philadelphia, PA 19106  
(215) 928-1100  
(215) 928-1112 Facsimile  
Email:  hunter_s_labovitz@fd.org

*Counsel for Defendant Anthony Jordan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:  Mr. Michael A. Reilly, Mr. Thomas S. Rea, Ms. Erin Granger, and Ms. Sonia Jimenez, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla
/s/ J. William Lucco
/s/ Maria A. Pedraza
/s/ James J. McHugh, Jr.
/s/ Hunter S. Labovitz
*Attorneys for Anthony Jordan*