UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:15CR404   HEA |
| ANTHONY JORDAN, | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jordan's Motion to Strike or Modify Certain Aggravating Factors Because of Factual Deficiencies and for Other Miscellaneous Relief, [Doc. No. 2418]. The Government opposes the challenges and has filed an opposition memorandum.   Defendant has replied to the Government's memorandum.

Defendant claims the Notice of Intent to Seek the Death Penalty and the Notice Summarizing Evidence in Support of Aggravating Factors fail to provide him with sufficient factual detail to prepare his defense, especially since the Government has not specified the sources of information supporting he factual allegations.

> The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor, which Higgs admittedly received in this case, not notice of the specific evidence that will be used to support it. *See* 18 U.S.C.A. § 3593(a) (requiring only that the government's notice "set[ ] forth the aggravating factor or factors that the government, if the defendant

is convicted, proposes to prove as justifying a sentence of death"); *United States v. Battle,* 173 F.3d 1343, 1347 (11th Cir.1999) (observing that notice given to a defendant of the applicable aggravating factors in a death penalty case is not the same as notice of the specific evidence that the government intends to present at a sentencing hearing), *cert. denied,* 529 U.S. 1022, 120 S.Ct. 1428, 146 L.Ed.2d 318 (2000); *cf. Gray v. Netherland,* 518 U.S. 152, 167–68, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (noting that there is no constitutional right to advance notice of the government's evidence in aggravation at a capital sentencing hearing).

*United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003). Defendant's request for additional facts and for a hearing to assess the factual bases for the aggravators are denied.

## Specific Challenges

**Grave Risk**

Defendant challenges the grave risk aggravating factor because the government has not provided any proof that there were passersby in the area of the shooting. Defendant asks that the Government be required to provide what passers and/or apartment residents were placed in grave risk.

The Government has notified Defendant of the surviving car members, the description of how the crimes took place, and discovery concerning the locations of the crimes and the crime scene investigation.   Whether the Government is able to prove this factor is to be determined by the jury, not the Court.   Defendant has been given enough factual support to satisfy the requirements of the FDPA.

**Multiple Killings or Attempted Killings-Duplicative**

Defendant argues the multiple killings or attempted killings aggravating factor should be stricken because it is duplicative of the same allegation in the non-statutory aggravating factor of contemporaneous conviction for multiple episodes of murder.   Likewise, he contends that the contemporaneous conviction for multiple episodes of murder is duplicative of the multiple killings or attempted killings statutory aggravating factor.   The Court has previously discussed and denied this argument in its Opinion, Memorandum and Order of September 15, 2020.   For the reasons set forth therein, Defendant's challenges are denied.   The Eighth Circuit Court of Appeals has rejected a "duplication of aggravators" challenge.

> Despite the duplication of aggravators in Mr. Purkey's case, we see no basis for the constitutional infirmity of such factors. The Supreme Court has "never before held that aggravating factors could be duplicative so as to render them constitutionally invalid," *Jones* [*v. United States*]*,* 527 U.S. [373,] 398, 119 S.Ct. 2090 [(1999)] (plurality opinion), and we decline to do so when the FDPA avoids arbitrary death sentences by requiring juries to weigh aggravating and mitigating factors rather than to tally the factors on each side and declare a winner based on sheer numbers. *See* 18 U.S.C. § 3593(e). *But see United States v. Tipton,* 90 F.3d 861, 899 (4th Cir. 1996), *cert. denied,* 520 U.S. 1253, 117 S.Ct. 2414 (1997); *United States v. McCullah,* 76 F.3d 1087, 1111–12 (10th Cir.1996), *cert. denied,* 520 U.S. 1213, 117 S.Ct. 1699, 137 L.Ed.2d 825 (1997). The district court's jury instructions bolster this view as applied to Mr. Purkey's case: The district court ensured that the jury would not employ a tally method of evaluating factors when it instructed the jury that "weighing aggravating and mitigating factors . . . is not a mechanical process. In other words, you should not simply count the number of aggravating and mitigating factors. The law contemplates that different factors may be given different weights or values by different jurors."

*United States v. Purkey*, 428 F.3d 738, 761-62 (8th Cir. 2005).

**Callous Disregard for Human Life**

Defendant again argues the aggravator should be stricken because of the inclusion of "but not limited to." As the Government points out, it included this phrase in case it discovers additional relevant conduct and has no intention of including this language in jury instructions.   Defendant's challenge in this regard is denied.

Defendant also asks for a hearing to assess the relevance, admissibility and reliability of each allegation in this aggravator.   The Court has previously denied this request in its Opinion, Memorandum and Order of September 15, 2020.   The same reasoning applies to Defendant's renewed request.

**Participation in other murders and acts of violence**

Defendant again requests a pre-trial hearing to determine whether any of the allegations are admissible. Once again, these allegations are presented in support of the callous disregard for human life aggravating factor and are not independently required to be proven beyond a reasonable doubt.   As the Court has indicated in its previous Order, if the need arises, the probative value of the evidence will be evaluated at the appropriate time.

Defendant will be given the opportunity to present his own evidence regarding whether he acted in self-defense during one of the incidents. Likewise,

Defendant's challenge to the lack of remorse because he did not fire the fatal shot undercuts the weight of the aggravator can be argued by Defendant; the evidence need not be stricken.

**Abuse and Lack of Respect for the Deceased**

Defendant seeks dismissal of evidence regarding Defendant's abuse and lack of respect for the dead in support of the callous disregard for human life factor. Defendant has previously advanced this argument and the Court has denied it in the Opinion, Memorandum and Order of September 15, 2020.

**Possession of Weapons**

The Court has stricken the evidence of weapons at residences other than Defendant's. His additional request is therefore moot.

Defendant argues that the Government's disclosure of weapons does not demonstrate that the weapons belonged to Defendant or that he did not possess them legally. As the Government correctly argues, Defendant's challenge is not subject to review by the Court. The issues are jury determinations. Defendant will be given the opportunity to present his arguments to the jury.

With respect to Defendant's argument that he is entitled to additional facts about whether he purchased a weapon using a false name, the Government has advised the Court that Defendant's counsel has been allowed to review grand jury testimony of one of Defendant's coconspirators.

**Lack of Remorse**

Defendant was apprised of what the Government intends to submit as evidence of his lack of remorse. "Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation." *Zant*, 462 U.S. at 866 n. 22. The interpretation of the evidence is a question for the jury. Defendant will be allowed to argue the meaning and significance of the evidence at the appropriate stage in the trial. He is not entitled to a pre-trial assessment of the evidence.

**Pattern of Obstruction of Justice Non-Statutory Aggravators**

Defendant seeks partial dismissal of the Pattern of Obstruction of Justice arguing that the limited factual information is inadequate. Again, this argument goes to the sufficiency of the evidence to be presented. As discussed, *supra*, this is not a basis for which to strike the aggravator.

Additionally, Defendant again argues this factor is not of sufficient seriousness to serve as an aggravating factor. As previously discussed, the Court has concluded that this factor can be used in aggravation.

**Victim Impact Non-Statutory Factor**

The Court has discussed Defendant's arguments regarding Victim Impact in its September 15, 2020 Opinion. That discussion applies to Defendant's factual

insufficiency challenge herein. Furthermore, Defendant will be given the opportunity to object to testimony if he believes it is improper.

**Obstruction of Justice**

Defendant also argues that the Obstruction of Justice non-statutory aggravating factor must be stricken because it is factually unsupported. Once again, Defendant is attempting to circumvent the proper procedure through which the trial and penalty phases of this case proceeds. In the event the Government cannot prove Defendant obstructed justice, Defendant will be allowed to object to its consideration and argue that he did not, in fact, obstruct justice.

## Conclusion

Based upon the foregoing analysis, Defendant's Motion to Strike or Modify Certain Aggravating Factors Because of Factual Deficiencies and for Other Miscellaneous Relief, [Doc. No. 2418], is denied.

Dated this 17th day of September, 2020.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE