UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S-5 4:15 CR 404 HEA (NAB) |
| | ) |
| ANTHONY JORDAN (3), | ) |
| | ) |
| Defendant. | ) |

**RESPONSE FOR THE UNITED STATES TO
JORDAN'S POSTHEARING MEMORANDUM IN SUPPORT OF MOTION
TO BAR PROSECUTION OF COUNTS 2 THROUGH 12**

COMES NOW the United States of America and states as follows in response to Defendant Anthony Jordan's Posthearing Memorandum in Support of Motion to Bar the Government from Proceeding on Counts 2 Through 12 on the Basis of Judicial Estoppel (Doc. 3355).

## INTRODUCTION

On June 5, 2020, defendant Anthony Jordan filed a motion to bar the government from proceeding on Counts 2 through 12 of the Fifth Superseding Indictment, which charge Jordan with 11 counts of murder by using a firearm while engaged in a drug trafficking crime, in violation of 18 U.S.C. 924(j)(1), on grounds of judicial estoppel. Doc. 2667. The government opposed the motion, Doc. 2752, and Jordan filed a reply, Doc. 2760. On January 14, 2021, Jordan filed a "Declaration in Support" of his motion, written by two retired Department of Justice employees who offered the opinion that the United States' decision to charge 11 counts of Section

1

924(j) murder in this case is inconsistent with a Department of Justice guidance memorandum. Doc. 2944. The United States responded to the declaration, Doc. 3181, and the court held a hearing on the motion on April 23, 2021, Docs. 3271, 3313. On May 10, 2021, Jordan submitted a supplemental declaration from the retired employees stating that they adhered to their opinion. Doc. 3296. On June 18, 2021, Jordan submitted a posthearing memorandum in support of his motion. Doc. 3355. This brief is submitted in response to Jordan's posthearing memorandum.

## LEGAL ANALYSIS

**JORDAN IS NOT ENTITLED TO DISMISSAL OF COUNTS 2-12 BASED ON JUDICIAL ESTOPPEL**

    **A. The United States Has Not Taken An Inconsistent Position On The Unit Of Prosecution For Section 924(j)**

The court can easily dispose of Jordan's judicial estoppel motion because the United States has not changed its position on the unit of prosecution for 18 U.S.C. 924(j). The Memorandum issued by Assistant Attorney General James K. Robinson (1999 Memorandum) instructs prosecutors "to adopt the practice of basing each Section 924(c) count in an indictment upon a separate predicate offense." Doc. 2667, at 36. It does not instruct prosecutors with respect to charging Section 924(j) offenses, and the unit of prosecution is different for each offense.

    1.    Section 924(c) punishes "a[] person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm." Since 1999, the Department has instructed its prosecutors to charge at most one violation of Section 924(c) for each predicate offense, treating the predicate, in effect, as the unit

2

of prosecution. Doc. 2667, at 34-37. Jordan's motion instead relates to the offense described in 18 U.S.C. 924(j)(1), which punishes "[a] person who, in the course of a violation of [18 U.S.C. 924(c)]," murders a person "through the use of a firearm." As the United States explained in its previous response, the unit of prosecution for Section 924(j)(1) is each murder committed by the defendant, not the predicate drug-trafficking crime, and a single drug-trafficking conspiracy can support multiple Section 924(j) convictions. Doc. 3181, at 9-14.

The 1999 Memorandum addresses an ambiguity in the language of Section 924(c) that does not appear in Section 924(j). Based on the language in Section 924(c)—"whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm"—it is not clear whether Congress intended to punish each use or carry of a firearm, or the general act of using or carrying a firearm at any time during a drug-trafficking conspiracy. See *United States* v. *Anderson*, 59 F.3d 1323, 1326 (D.C. Cir. 1995) (en banc). The words "use[]" *or* "carr[y]" in Section 924(c), the latter of which "implies a continuing activity," indicated that Congress likely did not intend for a defendant to be charged with multiple Section 924(c) offenses during one predicate offense. *Id.* at 1327. And because each Section 924(c) conviction after the first one required a mandatory consecutive 25-year sentence, three or four uses or carries during one drug conspiracy could be stacked to form a life sentence, which courts believed Congress would have stated more clearly if it had so intended. *Ibid.*; *United States* v. *Lindsay*, 985 F.2d 666, 674 (2d Cir. 1993).

3

Section 924(j) does not raise any of those concerns. The offense has different language. It provides that "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall" be punished by death or a term of imprisonment if the killing is a murder as defined in Section 1111. 18 U.S.C. 924(j)(1). There is no ambiguity in that language, which is naturally read to mean that "caus[ing] [a] death" is the unit of prosecution. Killing a person is a discrete act that can easily be parsed into separate offenses. And Section 924(j) limits the type of underlying Section 924(c) offense to those where the defendant "use[s]" (as opposed to carries or possesses) a firearm to kill someone, see 18 U.S.C. 924(j)(1), so it does not encompass the type of Section 924(c) offense that "implies a continuing activity" and creates ambiguity about the unit of prosecution. *Anderson*, 59 F.3d at 1326-1327; *Lindsay*, 985 F.2d at 675. Moreover, imposing multiple convictions and sentences for multiple murders under Section 924(j) does not create the concern about an unexpectedly harsh sentence created by stacking 25-year sentences for each use or carry of a firearm under Section 924(c). To the contrary, no reason exists for Congress to punish only the first murder committed during a drug conspiracy, but not ten additional murders. See *United States* v. *Curtis*, 324 F.3d 501, 509 (7th Cir. 2003).

  2. Jordan's response to the government's statutory analysis, buried toward the end of his brief (Doc. 3355, at 10-14), is unpersuasive. He contends that the United States' statutory analysis is based on a "semantic distinction" between the verb "uses" in Section 924(c) and the noun "use" in Section 924(j) that the D.C. Circuit highlighted in *Anderson*. Compare 18 U.S.C. 924(c) (punishing "any person who, during and in

4

relation to any crime of violence or drug trafficking crime . . . *uses* or carries a firearm") (emphasis added), with 18 U.S.C. 924(j) (punishing "[a] person who, in the course of a violation of [18 U.S.C. 924(c)], causes the death of a person through *the use* of a firearm") (emphasis added). That is not merely a semantic distinction. See *Anderson*, 59 F.3d at 1326 (stating that Congress's intent for firearm use to be the unit of prosecution for Section 924(c) would be more apparent if the statute employed "use" as a noun). More importantly, it the only difference between the statutory provisions.

"[C]aus[ing] [a] death" is the action that is prohibited by Section 924(j). In *Ex Parte Henry*, 123 U.S. 372 (1887), the Supreme Court upheld multiple convictions under the federal mail fraud statute, which provided that "[i]f any person . . . shall, in and for executing [any] scheme or artifice, . . . place any letter or packet in any post-office . . . such person . . . shall be punish[ed]." *Id.* at 373; see 18 U.S.C. 1341 (current version). The Court analyzed the unit of prosecution as follows: "[T]he act forbids . . . the putting in the post-office of a letter or packet . . . in furtherance of such a scheme. Each letter so . . . put in constitutes a separate and distinct violation of the act." *Ex Parte Henry*, 123 U.S. at 374. Accordingly, the defendant who had mailed multiple letters in furtherance of one fraud scheme could be convicted of multiple counts of mail fraud. *Ibid.* Applying that analysis to Section 924(j), the statute forbids "caus[ing] [a] death" through the use of a firearm in the course of a drug-trafficking crime. 18 U.S.C. 924(j). Each death caused by the defendant therefore "constitutes a separate and distinct violation of the act." *Ex Parte Henry*, 123 U.S. at 374.

5

Moreover, Jordan remains unable to explain why Congress would have wanted 11 murders carried out during a drug conspiracy to be treated as one unit of prosecution under Section 924(j), other than to point out that the government will often be able to link each murder to a separate predicate offense. Doc. 3355, at 13. But parsing a conspiracy into discrete drug-trafficking crimes during which each murder is committed will often not be possible, and Jordan's suggestion confirms that he can think of no reason why Congress would want to treat 11 murders as one unit of prosecution under Section 924(j). See *Curtis*, 324 F.3d at 509.

### B. Jordan's Posthearing Arguments On The Unit Of Prosecution Lack Merit

In his posthearing memorandum, Jordan makes several arguments in support of his position that the United States' charging decision in this case is a change in position from the 1999 Memorandum because Section 924(j) is only a penalty provision for Section 924(c), not a separate offense with a separate unit of prosecution. The Court should reject those arguments.

1. First, Jordan contends (Doc. 3355, at 4-5) that the government's position that Section 924(j) is a separate offense from 924(c) is foreclosed by Eighth Circuit precedent. It is not.

Jordan observes that in *United States* v. *Allen*, 247 F.3d 741 (8th Cir. 2001), vacated on other grounds, 536 U.S. 953 (2002), the Eighth Circuit determined that Section 924(j) is an enhanced punishment for Section 924(c), and he further observes that the United States took that position in *Allen*. But *Allen* was not about the unit of prosecution under Section 924(j). The question in *Allen* was whether Section 924(c)'s

6

cumulative punishment scheme for a Section 924(c) offense and its underlying predicate offense, see 18 U.S.C. 924(c)(1) (the sentence imposed for a Section 924(c) offense shall be "in addition to the punishment provided for [the predicate] crime of violence or drug trafficking crime"), applied to Section 924(j) offenses. *Allen*, 247 F.3d at 768. The Eighth Circuit concluded that Section 924(c)'s cumulative punishment scheme applied because, *inter alia*, Section 924(j) incorporates Section 924(c) by reference and therefore "cannot be read independently from the context of the punishment scheme set out in Section 924(c)." *Id.* at 769.

The United States agrees with *Allen* and is not being "disingenuous" in doing so. The United States uniformly takes the position that Section 924(j) offenses are subject to Section 924(c)'s cumulative punishment scheme—meaning that the Section 924(j) punishment is imposed "in addition to" the punishment for the underlying predicate offense—and all but one court to have considered the question agrees. See *United States* v. *Bran*, 776 F.3d 276, 281 (4th Cir. 2015); *United States* v. *Young*, 561 Fed. Appx. 85, 93-94 (2d Cir. 2014) (unpublished); *United States* v. *Berrios*, 676 F.3d 118, 140-144 (3d Cir. 2012); *United States* v. *Garcia-Ortiz*, 657 F.3d 25, 31 (1st Cir. 2011); *United States* v. *Dinwiddie*, 618 F.3d 821, 837 (8th Cir. 2010); *United States* v. *Staggs*, 152 F.3d 931 (Tbl.), 1998 WL 447943, at *3 (10th Cir. July 10, 1998) (unpublished); *United States* v. *Battle*, 289 F.3d 661, 667-669 (10th Cir. 2002), overruled on other grounds, *United States* v. *Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); but see *United States* v. *Julian*, 633 F.3d 1250, 1252-1257 (11th Cir. 2011).

7

But the application of Section 924(c)'s cumulative punishment scheme to Section 924(j) offenses does not mean that the unit of prosecution for a violation of Section 924(c) and 924(j) must be the same. Jordan asserts (Doc. 3355, at 5) that the Eighth Circuit issued a "broad holding" in *Allen* that Section 924(j) is an aggravated punishment for a violation of Section 924(c) and not a separate offense. But *Allen*'s holding is no broader than the issue before it, and the unit of prosecution is an issue of statutory construction that must be addressed separately. *Castaldi* v. *United States*, 783 F.2d 119, 121 (8th Cir. 1986); *United States* v. *Dean*, 647 F.2d 779, 786 (8th Cir. 1981); see *Brown* v. *Ohio*, 432 U.S. 161, 166 (1997); *Blockburger* v. *United States*, 284 U.S. 299, 304 (1932). As the United States has explained, the statutory language of Section 924(j) indicates that the unit of prosecution is each death caused by the defendant through the use of a firearm during a Section 924(c) violation. See pp. 2-6, *supra*; Doc. 3181, at 9-14.

    2.    Jordan further contends (Doc. 3355, at 6) that the Eighth Circuit's Model Jury Instructions undermine the United States' position that Section 924(j) is a separate offense from 924(c). The commentary to those jury instructions, Jordan observes, state that "[Section] 924(j) is not independent of section 924(c) and the punishment provisions of that section," see Doc. 3355, at 6 (citing *Eighth Circuit Manual of Model Jury Instructions (Criminal)* at 276 (2017)), and that "Section 924(j) provides for additional significant punishment applicable when a section 924(c) offense results in death," *ibid.* (quoting *Supplement to the Eighth Circuit Manual of Model Jury Instructions (Criminal)* at § 6.18.924C-1 (2019)).

8

Those provisions do not even remotely purport to analyze the unit of prosecution for a Section 924(j) offense. The first statement—that Section 924(j) is "not independent of" Section 924(c) and its punishment scheme—explains that a Section 924(j) offense is subject to Section 924(c)'s cumulative punishment scheme under the Eighth Circuit's decision in *Allen*, which is addressed above. Pp. 6-8, *supra*; see *Eighth Circuit Manual of Model Jury Instructions (Criminal)* at 276 (2017) (citing *Allen*, 247 F.3d at 769). Moreover, the United States has never contended that Section 924(c) and 924(j) are independent of one another. To the contrary, the United States has recognized that Section 924(j) is explicitly tied to Section 924(c) because a Section 924(j) murder is a murder that occurs using a firearm "in the course of a violation of [Section 924](c)." 18 U.S.C. 924(j)(1); see Doc. 3181, at 10; Doc. 3313, at 16-17.

The statement in the supplement to the model jury instructions—that Section 924(j) provides for additional significant punishment for a Section 924(c) offense that results in death—likewise does not speak to the unit of prosecution. The United States agrees that Section 924(j) provides an enhanced punishment for a violation of Section 924(c) that results in death. After all, Section 924(c) is a lesser-included offense of Section 924(j), and every Section 924(j) offense therefore involves an underlying Section 924(c) violation. See *United States* v. *Gonzales*, 841 F.3d 339, 355-358 (5th Cir. 2016); *Garcia-Ortiz*, 657 F.3d at 28-29; *United States* v. *Wilson*, 579 Fed. Appx. 338, 348 (6th Cir. 2014) (unpublished). But that does not resolve the question of Section 924(j)'s unit of prosecution. Section 924(j) can be both an aggravated form of Section 924(c)

9

and also its own offense with its own unit of prosecution based on the statutory language.

3. Jordan contends (Doc. 3355, at 6-8) that the Fifth Superseding Indictment proves that Section 924(j) is not a separate offense from 924(c) because the Section 924(j) murder counts are described in that document as violations of Section 924(c) that are punishable under Section 924(j). That argument is misguided.

There is nothing inaccurate about what is stated in the indictment. Because a Section 924(j) murder is a murder that occurs using a firearm "in the course of a violation of [Section 924](c)," 18 U.S.C. 924(j)(1), each murder count in the Fifth Superseding Indictment alleges a "violation" of Section 924(c) before adding additional allegations of murder that "mak[e] th[e] offense punishable under [Section 924(j)]." Doc. 1990, at 3-23. That wording does not mean that the grand jury somehow changed the unit of prosecution for a Section 924(j) offense. The unit of prosecution is not determined by parsing the language of an indictment. Congress determines the unit of prosecution, and courts determine Congress's intent through statutory interpretation. See p. 8, *supra*; *Sanabria* v. *United States*, 437 U.S. 54, 69 (1978) ("It is Congress, and not the prosecution, which establishes and defines offenses.").

4. Finally, Jordan contends (Doc. 3355, at 8-10) that the United States' position on the unit of prosecution for Section 924(j) offenses contradicts its actions in the case of Jordan's co-defendant Maurice Woodson. It does not.

In the Fifth Superseding Indictment, Woodson was charged with a drug-trafficking conspiracy, in violation of 21 U.S.C. 846; and two counts of Section 924(j)

10

murder that were both tied to that predicate drug-trafficking crime. See Doc. 1990, at 31-32, 38 (Counts 19-20, 27). In February 2021, the United States charged Woodson in a Superseding Information with the same drug-trafficking conspiracy and one count of Section 924(j) murder that listed both victims. Doc. 3047, at 1-2. On the same day, Woodson pleaded guilty to those charges pursuant to a plea agreement. Doc. 3052. Jordan asserts (Doc. 3355, at 9) that the United States filed the Superseding Information "to bring [Woodson's] case into conformance with the mandate set forth in the 1999 memorandum." But the consolidation of two Section 924(j) counts against Woodson was a part of plea negotiations to specifically reduce the amount of Woodson's mandatory special assessment due, not a reaction to Jordan's meritless argument in this case about the unit of prosecution for Section 924(j).

Jordan further contends (Doc. 3355, at 9-10) that if Section 924(j) is a separate offense from 924(c), then the Superseding Information against Woodson charging more than one "offense" in a single count of the indictment is "duplicitous and invalid" and the district court was not permitted to accept the plea. That is incorrect. "Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States* v. *Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018) (internal quotation marks omitted). But a duplicitous charge does not render that charge or the indictment invalid. As the Eighth Circuit has explained, "[t]he problem with a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *Ibid.* (internal quotation marks omitted). A duplicitous charge in an indictment may therefore be "cured"

11

through a jury instruction that requires juror unanimity with respect to one distinct offense. *United States* v. *Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994).

Here, no possibility existed that Woodson would be convicted without unanimous agreement by a jury as to which Section 924(j) murder he committed because Woodson pleaded guilty on the same day the Superseding Information was filed and admitted to killing both victims. Doc. 3052, at 8-11. Moreover, the district court was not prohibited from accepting a plea containing a duplicitous Section 924(j) charge. See *United States* v. *Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) ("Duplicitous pleading . . . is not presumptively invalid."). A duplicitous pleading is impermissible only if it prejudices the defendant, *United States* v. *Sturdivant*, 244 F.3d 71, 75 n.3 (2d Cir. 2001), and a defendant's voluntary guilty plea waives any claim that an indictment was defective by charging a duplicitous count. See *United States* v. *Poor*, 230 F.3d 1365 (Tbl.), 2000 WL 1341540, at *1 (8th Cir. Sept. 19, 2000) (per curiam) (unpublished); *United States* v. *Medel-Guadalupe*, 987 F.3d 424, 428 (5th Cir. 2021) (per curiam), cert. denied, 2021 WL 1520967 (U.S. Apr. 19, 2021). Jordan's attempt to gain traction for his argument based on Woodson's plea agreement should be rejected.

### C. Jordan Cannot Rely on the 1999 Memorandum

Even if Jordan were correct that Section 924(c) and Section 924(j) have the same unit of prosecution—which he is not—he cannot make a straightforward claim for dismissal of Counts 2-12 because binding Eighth Circuit precedent allows the government to charge multiple Section 924(c) offenses tied to a single predicate drug-trafficking offense. See *United States* v. *Edwards*, 994 F.2d 417, 423-424 (8th Cir. 1993);

12

see Doc. 2667, at 35 (explaining that Eighth Circuit was on the minority side of the circuit split addressed by the 1999 Memorandum). Jordan tries to avoid that precedent by claiming that the United States is bound by judicial estoppel principles to follow the 1999 Memorandum because it promised the Supreme Court that it would tie each Section 924(c) offense to a different predicate in order to prevent the Court from granting certiorari and imposing the same result.  The Court should reject that argument.  Jordan has no enforcement rights under the 1999 Memorandum, and the United States is not seeking to derive an unfair advantage against Jordan by reneging on its representations to the Supreme Court in any event.

     1.    As an initial matter, contrary to Jordan's contention (Doc. 3355, at 3), the United States did not "abandon[]" its position that Jordan cannot rely on the 1999 Memorandum.  Jordan suggests that the United States' argument that the 1999 Memorandum does not create enforceable rights was based on its status as an "internal" document. *Ibid.*  That is incorrect.  Department of Justice policies do not create enforceable rights regardless of whether they are "internal" or available to the public. See *Delay* v. *United States*, 602 F.2d 173, 178 (8th Cir. 1979) (defendants have no enforceable rights under the Department's *Petite* policy, which restricts federal prosecution of individuals already prosecuted under state law for the same act or acts); *United States* v. *Lee*, 274 F.3d 485, 493 (8th Cir. 2001) (defendants have no enforceable rights under the United States Attorneys' Manual (now known as the Justice Manual), which is published on the Department of Justice website).  The 1999 Memorandum,

which instructs prosecutors on the unit of prosecution for Section 924(c), is no more enforceable by Jordan than any other DOJ policy that is known to the public.

2. Jordan has never grappled with the Eighth Circuit cases holding that defendants have no enforceable rights under Department of Justice policies, and he concedes that the Department has the prerogative to change the directives that it gives to prosecutors. Doc. 3355, at 15. Rather, he contends (Doc. 3355, at 15) that the Department is not permitted to change course from the 1999 Memorandum in particular because it succeeded in preventing the Supreme Court from resolving a decades-old circuit split by promising to link each Section 924(c) count charged in an indictment to a separate predicate offense, and now seeks to take advantage of that litigating position by invoking Eighth Circuit precedent left in place with the unresolved circuit split that is unfavorable to Jordan and would allow the government to charge multiple Section 924(c) violations tied to a single predicate offense. See *Edwards*, 994 F.2d at 423-424.

That characterization of the United States' litigating position is unfounded. The government's position on the unit of prosecution for Section 924(j) applies nationwide—not just in the Fourth and Eighth Circuits, which are the only two circuits that had ruled in the government's favor on the unit of prosecution for Section 924(c) before the 1999 Memorandum was issued. See *Edwards*, 994 F.2d at 423-424; *United States* v. *Camps*, 32 F.3d 102 (4th Cir. 1992). The United States has charged multiple Section 924(j) offenses tied to a single predicate outside of those circuits, consistent with its position that the unit of prosecution for Section 924(j) is each death caused by

14

the defendant. See, *e.g.*, *United States* v. *Troya*, 733 F.3d 1125, 1130 (11th Cir. 2013); *Curtis*, 324 F.3d at 509; *United States* v. *Davis*, No. 01-CR-282, 2003 WL 21276363, at *1-*4 (E.D. La. June 2, 2003). The government is not seeking to derive an unfair advantage against Jordan by trying to invoke *Edwards* against him after persuading the Supreme Court that it need not address the circuit split created by that decision. Rather, the United States has taken the position that the unit of prosecution for a Section 924(j) offense is each murder committed by the defendant through the use of a firearm during the course of a drug-trafficking crime. This case was charged consistent with that position, and principles of judicial estoppel provide no basis for dismissing Counts 2-12.

## CONCLUSION

The United States respectfully requests that this Court deny Jordan's motion to dismiss in its entirety.

Respectfully submitted,

s/ Ann O'Connell Adams

| | |
|---|---|
| SAYLER A. FLEMING<br>    United States Attorney<br>    Eastern District of Missouri<br><br>THOMAS REA<br>ERIN GRANGER<br>Assistant United States Attorneys<br><br>SONIA V. JIMENEZ<br>    U.S. Department of Justice<br>    Criminal Division, Capital Case<br>    Section | NICHOLAS L. MCQUAID<br>    Acting Assistant Attorney General<br><br>DANIEL S. KAHN<br>    Acting Deputy Assistant Attorney<br>    General<br><br>ANN O'CONNELL ADAMS<br>    Criminal Division, Appellate Section<br>    U.S. Department of Justice<br>    950 Pennsylvania Ave. NW, Rm. 1252<br>    Washington, DC 20530<br>    (202) 514-4086<br>    ann.adams@usdoj.gov |

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic system upon all parties and counsel of record.

/s/ Ann O'Connell Adams
ANN O'CONNELL ADAMS
