# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
     v.     )     Case No. 4:15-CR-00404-HEA-NAB
     )
ANTHONY JORDAN,     )
     )
     Defendant.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Anthony Jordan's ("Defendant") Motion for Discovery of Information Concerning the Confection of the Grand and Petit Jury Venire.  [Doc. 2422].  The Government filed a response requesting that this Court grant in part, and deny in part, Defendant's Motion.  [Doc. 2449].  Defendant filed a reply to the Government's response in which Defendant acknowledges the Government's concession that he is entitled to information regarding the confection of the grand and petit jury venires; however, Defendant argues the Government's position objecting to the production of certain categories of materials is against the express language of the Jury Selection and Service Act ("JSSA") and United States Supreme Court precedent.  [Doc. 2478].  Upon review of Defendant's motion, the Government's response, and Defendant's reply, the Court will **GRANT in part** and **DENY in part** Defendant's motion.

## I.     BACKGROUND

Defendant's Motion requests discovery of information regarding the make-up of the grand and petit jury venire.  [Doc. 2422].  Specifically, Defendant requests access to the following information from the Clerk of Court:

(a) Any amendment to the Jury Plan for the Eastern District of Missouri since its promulgation on May 1, 2016, along with any proposed amendment, including proposal by email or otherwise.

(b) An electronic copy of the "voter registration lists" and "records of licensed drivers and non-driver identification holders" provided to the Clerk of Court that ultimately resulted in the creation of the Master Jury Wheel from which the grand jury[1] in this case was drawn and all attendant/attached information, including but not limited to racial, ethnic, age, voting status; the date those lists were provided to the Clerk of Court; and the agency or person who provided that information.

(c) An electronic copy of the Master Jury Wheel data including names and addresses; racial, ethnic, gender, and age information; and other data in any way associated with or recorded with the individuals in/for the jury pool from which the grand jury in this case was selected.

(d) An electronic copy of the Qualified Jury Wheel data, including names and addresses; racial, ethnic, gender, and age information; and other data in any way associated with or recorded with the individuals in/for the jury pool from which the grand jury in this case was selected, as well as information on when the name was added to the Qualified Jury Wheel for the pool from which the grand jury from which the grand jury in this case was selected.

(e) All surveys or reports regarding the composition of the Master or Qualified Jury Wheel (typically compiled on Forms AO-12 and formerly JS-12) for the preceding ten years.

(f) The dates and names selected randomly from the Master Jury Wheel for the venire from which Mr. Jordan was indicted.

(g) The completed juror qualification forms of all persons qualified for service as described on page 4 of the Jury Plan for the selection of grand and petit jurors for the pool from which the grand jury in this case was selected.

(h) The completed jury qualification forms of, or an electronic database detailing, all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions, and disqualifications) for the last five years.

---

[1] "Grand jury" refers to the grand jury which issued the Fifth Superseding Indictment in this case.

(i) The jury qualification forms of, or an electronic database detailing, all persons whose form was returned as undeliverable or otherwise not delivered by the United States Postal Service for the last five years.

(j) All documents, materials, and information concerning the delegation of excusal responsibilities and/or authority for determining whether persons are qualified, exempt, or excused from jury service and standards.

(k) To the extent the Clerk of the Court employs an electronic data processing system, the name of the data processing system, the contract with the provider of the processing system, the manual for use of the processing system, and a copy of the program code so as to insure the required proportion of names from each county are maintained and the random selection of the required number of names from the entire source list.

(l) Any and all periodic reports of statistical sampling complied in the preceding ten years.

(m) The date that the Master Jury Wheel and Qualified Jury Wheel for the grand jury in this case was filled, when the Master Jury Wheel and Qualified Jury Wheel is scheduled to be emptied and refilled, and information regarding whether the master Jury Wheel and Qualified Jury Wheel for the grand jury that issued the indictment in this case will be the same wheels used in the petit jury selection process.

In response, the Government requests this Court grant Defendant's Motion in part and deny it in part.

## II.    LEGAL STANDARD

Both the JSSA and the US Supreme Court recognize counsel must have access to certain jury materials and records in order to effectuate counsel's responsibility to properly defend their clients.

Section 1867(f) of the JSSA, in relevant part, provides:

The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except ... as may be necessary in the preparation or presentation of a motion [challenging compliance with selection procedures] under ... this section.... The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

28 U.S.C. § 1867(f). "The United States Supreme Court has held that § 1867(f) establishes 'essentially an *unqualified* right to inspect jury lists.'" *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (quoting *Test v. United States,* 420 U.S. 28, 30 (1975) (emphasis in original)). Because "[g]rounds for challenges to the jury selection process may only become apparent after an examination of the records," *Alden*, 776 F.2d at 775, "[e]ven if the defendant's anticipated challenges to the jury selection process, as articulated at the time of his motion for inspection, are without merit, the defendant may still inspect the jury records." *Id.*

### III.   ANALYSIS

The Government concedes Defendant is entitled to some of the information Defendant requests.  The Court will address each request individually.

### a. *Any amendment to the Jury Plan for the Eastern District of Missouri since its promulgation on May 1, 2016, along with any proposed amendment, including proposal by email or otherwise.*

Defendant is entitled to a copy of the Court's Jury Plan in effect at the time he was indicted, December 2018, and for the time of his trial.  The Court's Jury Plan is a public document and can be found on the Court's website.  *See* United States District Court, Eastern District of Missouri; Jury Plan, *https://www.moed.uscourts.gov/jury-plan* (last accessed Sept. 22, 2021).  The Jury Plan was approved on March 9, 2016, with an effective date of May 1, 2016.  *Id.*

However, Defendant does not request a copy of the Jury Plan; rather he asks for any amendment to the Jury Plan since its promulgation on May 1, 2016.  The Court finds Defendant is entitled to any amendments made to the Jury Plan since the Plan's effective date, as he was indicted after the Jury Plan went into effect and has not yet proceeded to trial.  However, as for Defendant's request he be provided with *any proposed amendment*, the Court holds Defendant is not entitled to that information, if such information even exists, as Defendant has not demonstrated how this

4

material is necessary for the preparation or presentation for a motion challenging JSSA compliance.  *See United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal. 2006) (finding "defendants' request for writings, reports, or other similar records relating to jury-selection procedures for past grand juries and past petit juries is not authorized by 28 U.S.C. 1867(f)."); *see also United States v. Davenport*, 824 F.2d 1511, 1515 (7th Cir. 1987) ("The Act itself, in section 1867(f), provides that the contents of records or papers used by the clerk shall not be disclosed unless those records' contents are shown to be 'necessary' for the preparation of a motion to claim, under section 1867(a), that there has been a 'substantial failure to comply' with the Act.").

Defendant's request for any amendment to the Jury Plan for the Eastern District of Missouri since May 1, 2016 is **GRANTED**.  Defendant's request for any amendments *proposed* but not enacted is **DENIED**.

> **b. *An electronic copy of the "voter registration lists" and "records of licensed drivers and non-driver identification holders" provided to the Clerk of Court that ultimately resulted in the creation of the Master Jury Wheel from which the grand jury in this case was drawn and all attendant/attached information, including but not limited to racial, ethnic, age, voting status; the date those lists were provided to the Clerk of Court; and the agency or person who provided that information.***

Defendant requests a copy of the "voter registration lists" and "records of licensed drivers and non-driver identification holders" which ultimately resulted in the creation of the Master Jury Wheel from which the grand jury in this case was drawn.  The Government argues this information, called source lists, is not necessary for Defendant to determine whether a fair cross-section of the population has been included in the Master Jury Wheel, nor is it necessary for him to determine whether to proceed with any allegation he may have regarding discrimination.

The Government is correct.  While Defendant has an unqualified right to relevant demographic information relating to the jury wheel from which his grand jury was drawn, as

discussed *infra*, Defendant will have access to the demographic composition of the grand-jury and petit-jury pool pursuant to this order.  The raw data from the "voter registration lists" and "records of licensed drivers and non-driver identification holders" is not *necessary* to Defendant's possible challenge.  *See Diaz*, 236 F.R.D. at 483 (denying the defendants' requests for the original source list in which their grand jury was drawn and the petit jury will be drawn from because the demographic information was provided through the JS-12 forms and therefore was "not *necessary* to the preparation of defendants' fair cross-section challenge."); *see also Davenport*, 824 F.2d at 1515 (finding the JSSA provides records shall not be disclosed unless the records' contents are "necessary" for the preparation of a motion claiming failure to comply with the JSSA).

Accordingly, Defendant's request is **DENIED.**

> **c.  *An electronic copy of the Master Jury Wheel data including names and addresses; racial, ethnic, gender, and age information; and other data in any way associated with or recorded with the individuals in/for the jury pool from which the grand jury in this case was selected.***

The Government does not object to Defendant's request for such information.  To the extent such information is maintained, Defendant is entitled to a copy of the Master Jury Wheel data, *excluding street addresses*, for the Eastern Division of the Court.  The city and county are sufficient for Defendant's purposes of determining whether a challenge to the Jury Plan is appropriate.  The names of the individuals may not be revealed for any other purpose than as needed to prepare Defendant's fair cross-section challenge.  *See United States v. Betonsports PLC*, No. 4:06CR337CEJ(MLM), 2006 WL 2583285, at *1 (E.D. Mo. Sept. 7, 2006) (ordering redaction of the names and street addresses, but not city or municipality, of jurors when granting the motion for production of grand jury materials); *see also United States v. Harvey*, 756 F.2d 636, 643 (8th Cir. 1985) (holding district court did not err by allowing access to "data relating to the constituency

and method of the grand jury selection," without the names and addresses of the jurors on the master list).

Defendant's request for disclosure of the Master Jury Wheel data is **GRANTED** with a prohibition again the disclosure of the street addresses and other personal information of those individuals.

> **d. An electronic copy of the Qualified Jury Wheel data, including names and addresses; racial, ethnic, gender, and age information; and other data in any way associated with or recorded with the individuals in/for the jury pool from which the grand jury in this case was selected, as well as information on when the name was added to the Qualified Jury Wheel for the pool from which the grand jury from which the grand jury [sic] in this case was selected.**

The Government does not object to Defendant's request for such information.  To the extent such information is maintained, Defendant is entitled to a copy of the Qualified Jury Wheel data, *excluding street addresses*, for the Eastern Division of the Court.  The city and county are sufficient for Defendant's purposes of determining whether a challenge to the Jury Plan is appropriate.  Defendant's request for disclosure of the Qualified Jury Wheel data is **GRANTED** with a prohibition again the disclosure of the addresses and other personal information of those individuals.  The names of the individuals may not be revealed for any other purpose than as needed to prepare Defendant's fair cross-section challenge.  *See id.*

> **e. All surveys or reports regarding the composition of the Master or Qualified Jury Wheel (typically compiled on Forms AO-12 and formerly JS-12) for the preceding ten years.**

The Government does not object to Defendant's request for such information as it relates to the AO-12 forms used to select Defendant's grand and petit jury.  To the extent such information is maintained, Defendant is entitled to a copy of the Form AO-12 forms for the Master and Qualified Jury Wheel for the Eastern Division used to select his grand or petit jury.  Jordan is not entitled to information from wheels other than those used to select his juries unless he first presents

some evidence tending to show the existence of elements of his challenge.  *See Diaz*, 236 F.R.D. at 482.  (denying the defendant's request to inspect jury records of past grand and petit juries because disclosure under the JSSA did not require it); *see also United States v. Blair*, No. 10-00093-01-CR-W-GAF, 2011 WL 13364321, at *1 (W.D. Mo. July 7, 2011) (holding "a defendant may only inspect grand jury materials related to the pool from which the grand jury that indicted him or her was drawn -- not information related to jury pools in other actions").

Defendant's request for disclosure of surveys or reports regarding the composition of the Master or Qualified Jury Wheel is **GRANTED in part and DENIED in part**.

### f.   *The dates and names selected randomly from the Master Jury Wheel for the venire from which Mr. Jordan was indicted.*

The Government objects to Defendant's request for both the dates and names selected from the Master Jury Wheel for the venire from which he was indicted.  Jordan is not entitled to this information.  *See United States v. Jones*, No. 5:05-CR-322 (NAM), 2006 WL 8457523, at *14 (N.D.N.Y. Sept. 26, 2006) ("Numerous courts have held that only the Master List from which the grand jury was selected need be turned over, not the names of specific jurors selected from the grand jury pool.").

Defendant's request for disclosure of names selected from the Master Jury Wheel is **DENIED**. However, Defendant is entitled to the dates that the names were selected from the Master Jury Wheel.  Therefore, this portion of the request is **GRANTED.**

### g.   *The completed juror qualification forms of all persons qualified for service as described on page 4 of the Jury Plan for the selection of grand and petit jurors for the pool from which the grand jury in this case was selected.*

The Government objects to this information and states "[t]he 'juror qualification form' is in reality a juror questionnaire."   This information is not necessary for Defendant to determine whether to make a challenge to this district's jury selection procedures.  *See Diaz*, 236 F.R.D. at

482-83 (denying the defendants' requests for juror questionnaires).  Accordingly, Defendant's request is **DENIED.**

> **h.  The completed jury qualification forms of, or an electronic database detailing, all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions, and disqualifications) for the last five years.**

The Government objects to this information.  This information is not necessary for Defendant to determine whether to make a challenge to this district's jury selection procedures. *See Diaz*, 236 F.R.D. at 482-83 (denying the defendants' requests for juror questionnaires). Accordingly, Defendant's request is **DENIED.**

> **i.  The jury qualification forms of, or an electronic database detailing, all persons whose form was returned as undeliverable or otherwise not delivered by the United States Postal Service for the last five years.**

The Government objects to this information.  This information is not necessary for Defendant to determine whether to make a challenge to this district's jury selection procedures. *See Diaz*, 236 F.R.D. at 482-83 (denying the defendants' requests for juror questionnaires). Accordingly, Defendant's request is **DENIED.**

> **j.  All documents, materials, and information concerning the delegation of excusal responsibilities and/or authority for determining whether persons are qualified, exempt, or excused from jury service and standards.**

As the Government states in their response, the relevant information is encompassed in the Jury Plan, which provides who may be exempted from jury service pursuant to federal law, and who may be excused from service consistent with federal law.  This information is not necessary for Defendant to determine whether to make a challenge to this district's jury selection procedures. Accordingly, Defendant's request is **DENIED.**

> **k.  To the extent the Clerk of the Court employs an electronic data processing system, the name of the data processing system, the contract with the provider**

> ***of the processing system, the manual for use of the processing system, and a copy of the program code so as to insure the required proportion of names from each county are maintained and the random selection of the required number of names from the entire source list.***

The Government objects to this information.  This information is not necessary for Defendant to determine whether to make a challenge to this district's jury selection procedures. *See Diaz*, 236 F.R.D. at 484 (denying the defendants' requests for technical documents). Accordingly, Defendant's request is **DENIED.**

> ***l.   Any and all periodic reports of statistical sampling compiled in the preceding ten years.***

Defendant is not entitled to this information absent a showing that such material is "used in connection with the jury selection process."  28 U.S.C. § 1867(f).  This information is not necessary for Defendant to determine whether to make a challenge to this district's jury selection procedures.   *See Diaz*, 236 F.R.D. at 482-83 (denying the defendants' requests for juror questionnaires).  However, during argument, the United States indicated that it does not object to statistical sampling in relation to the Grand Jury that returned the fifth superseding indictment. Accordingly, Defendant's request is **GRANTED** as to the 2018 Grand Jury**.**

> ***m.   The date that the Master Jury Wheel and Qualified Jury Wheel for the grand jury in this case was filled, when the Master Jury Wheel and Qualified Jury Wheel is scheduled to be emptied and refilled, and information regarding whether the master Jury Wheel and Qualified Jury Wheel for the grand jury that issued the indictment in this case will be the same wheels used in the petit jury selection process.***

The Government does not object to Defendant's request for such information.  To the extent such information is maintained, Defendant is entitled the date the Master Jury Wheel and Qualified Jury Wheel for the grand jury in this case was filled, when the Master Jury Wheel and Qualified Jury Wheel is scheduled to be emptied and refilled, and whether the Master Jury Wheel and Qualified Jury Wheel for the grand jury that issued the indictment in this case will be the same

wheels used in the petit jury selection process.  Defendant's request for disclosure of dates is **GRANTED**.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Anthony Jordan's Motion for Discovery of Information Concerning the Confection of the Grand and Petit Jury Venire.  [Doc. 2422] is **GRANTED in part** and **DENIED in part.**

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of September, 2021.