UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CR404 HEA |
| ) | |
| ANTHONY JORDAN, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Reports and Recommendations of Magistrate Judge Noelle C. Collins as to Defendant's Motion to Suppress Evidence, [Doc. No. 3212]. Judge Collins held a hearing on the Motion on July 25, 2023, July 26, 2023, and November 20, 2023. In her June 18, 2024 Report and Recommendation, Judge Collins recommended that Defendant's Motion be denied. Defendant has filed a written objection to this recommendation.  The Government has filed a response to Defendant's Objections. For the reasons set forth below, the objections are overruled, and the Court will adopt Judge Collins Report and Recommendation.

The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. See 28 U.S,C. 636(b)(1)(A).

The Court has read the transcripts of the hearing and has fully considered the briefs filed on the original motions as well as the objections and has independently researched the controlling law. After fully considering all of these matters, the Court will adopt and sustain the thorough reasoning of Judge Collins as set out in her Memorandum and Recommendation.

## Discussion

Defendant raises three objections. He objects to Judge Collins' finding that the 2005 green Pontiac Grand Prix parked in the driveway of 64 Brighton Park Drive, St. Charles, Missouri on August 27, 2015 was "immediately apparent evidence of crimes charged" and was thus legally seized under the plain view exception to the Fourth Amendment's warrant requirement.

Judge Collins thoroughly set out her rationale for this finding. Investigators had collected information about the types of vehicles connected to Defendant. Defendant used high performance vehicles in the commission of crimes; he utilized specialized license plates to appear less noticeable on the streets; he repainted cars to avoid recognition of them. The Pontiac Grand Prix had each of the features investigators knew Defendant used on cars that were involved in the commission of crimes from information obtained from a confidential informant.

Under the plain view doctrine, an officer is permitted to seize evidence without a warrant when certain conditions are met. U*nited States v. Armstrong*, 554

F.3d 1159, 1162–63 (8th Cir.), cert. denied, 557 U.S. 910 (2009)(The three required conditions are that: "(1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself" (quotations omitted)). After reviewing the record, Judge Collins' findings are supported by the facts. Application of the plain view doctrine authorized the seizure of the Pontiac Grand Prix, and Judge Collins properly denied the motion to suppress.

Defendant objects to the finding that the search of the Pontiac Grand Prix by Agent Bingaman, which occurred when he "ent[ered] to conduct a visual safety inspection of the car's interior prior to it being moved and after investigators made the collective decision to seize it" was lawful because a "safety inspection" is not a recognized exception to the Fourth Amendment's prohibition against warrantless searches. Further, the record establishes that the car was seized precisely because of its suspected involvement in criminal activity thereby precluding the warrantless inventory search Judge Collins found to be lawful.

Although Defendant argues a safety inspection is not a recognized exception to the Fourth Amendment's prohibition, Defendant neglects to acknowledge the limited inventory search was conducted pursuant to standard procedure of the FBI.

The Eighth Circuit has explained:

3

> The purpose of an inventory search is to protect the "owner's property while it remains in police custody," as well as to protect "police against claims or disputes over lost or stolen property" and "from potential danger[s]." *South Dakota v. Opperman*, 428 U.S. 364, 369, ... (1976). An inventory search must "be reasonable under the totality of the circumstances ... and may not be a ruse for general rummaging in order to discover incriminating evidence." *Taylor*, 636 F.3d at 464 (internal quotation marks omitted). "The reasonableness requirement is met when an inventory search is conducted according to standardized police procedures, which generally remove the inference that the police have used inventory searches as a purposeful and general means of discovering evidence of a crime." Id. (Internal quotation marks omitted). However, inventory searches need not be conducted in a totally mechanical, all or nothing fashion." *United States v. Garreau*, 658 F.3d 854, 858 (8th Cir. 2011) (internal quotation marks omitted). And, "[e]ven when law enforcement fails to conduct a search according to standardized procedures, this does not mandate the suppression of the evidence discovered as a result of the search." *United States v. Rowland*, 341 F.3d 774, 780 (8th Cir. 2003). "There must be something else; something to suggest the police raised 'the inventory-search banner in an after-the-fact attempt to justify' a simple investigatory search for incriminating evidence." *Id*. (quoting *United States v. Marshall*, 986 F.2d 1171, 1175 (8th Cir. 1993)).

*United States v. Smith*, 715 F.3d 1110, 1117-18 (8th Cir. 2013).

Any inference of investigatory motive is typically vitiated when police conduct the inventory search in accordance with department policy. *United States v. Marshall*, 986 F.2d 1171, 1174 (8th Cir. 1993). An officer's mere suspicion that evidence may be discovered during an inventory search does not itself render the search investigative. *United States v. Porter*, 859 F.2d 83, 85 (8th Cir. 1988) (*per curiam*). Courts will uphold an inventory search as proper even if it does not precisely conform to department policy so long as "it is not a pretext for an investigatory search." *United States v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011).

4

Ultimately, "[t]he central question in evaluating the propriety of an inventory search is whether, in the totality of the circumstances, the search was reasonable." *United States v. Kennedy*, 427 F.3d 1136, 1143 (8th Cir. 2005).

The Eighth Circuit has rejected the notion that an inventory search must be "totally mechanical" to pass constitutional muster. See *United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004). As noted above, it is not necessary for inventory searches to "be conducted in a totally mechanical, all or nothing fashion." See *United States v. Garreau*, 658 F.3d 854, 858 (8th Cir. 2011) Failure to conduct a search according to standardized procedures does not automatically render an inventory search unreasonable. See *United States v. Mayfield*, 161 F.3d 1143, 1145 (8th Cir. 1998). Nor is it necessary for the procedure to be in writing. *United States v. Lowe*, 9 F.3d 43, 46 (8th Cir. 1993) (noting that the Fifth and Seventh Circuits have rejected arguments that written procedures must be submitted to establish compliance with automobile inventory policies).

Defendant objects to the finding that the September 16, 2015 search warrant affidavit for the green Pontiac Grand Prix contained probable cause free from material falsities and taint.

Defendant has failed to make a substantial showing under *Franks* as carefully detailed in Judge Collins' Report and Recommendation. Each of Defendant's claims regarding the issuance of the search warrant was addressed by

5

Judge Collins and Defendant has not established her conclusions were not supported by the applicable law. Defendant's objections in this regard are overruled.

Defendant has not presented new grounds upon which he challenges Judge Collins Report and Recommendation. Judge Collins carefully analyzed the evidence before her and applied the applicable law. Defendant's objections to the Report and Recommendation rely on his previous arguments which were carefully considered and addressed. Upon review, the Court adopts the Report and Recommendation *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 3212], is denied.

Dated this 5th day of August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE