UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:15CR404 HEA |
| ANTHONY JORDAN, ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Nannette A. Baker as to Defendant's Motion to Dismiss Counts One and Thirteen of the Fifth Superseding Indictment, or in the Alternative for a Bill of Particulars, [Doc. No. 2425]; Motion to Dismiss Counts Two through Twelve on the Basis of Double Jeopardy [Doc. No. 2666], and Motion to Bar the Government from Proceeding on Counts Two through Twelve on the Basis of Judicial Estoppel, [Doc. No. 2667]. Judge Baker held a hearing on the Motion on April 23, 2021. In her November 21, 2021, Report and Recommendation, Judge Baker recommended Defendant's Motions be denied.  Defendant has filed written objections to these recommendations wherein he objects to Judge Baker's Report and Recommendation in its entirety. The Government has responded. For the

reasons set forth below, the objections are overruled, and the Court will adopt Judge Baker's Report and Recommendations as provided herein.[1]

The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. See 28 U.S,C. 636(b)(1)(A). The Court has fully considered the briefs filed on the original motions as well as the post hearing briefs, and the objections. The Court has independently researched the controlling law.

## Discussion

**Motion to Dismiss Counts One and Thirteen of the Fifth Superseding Indictment or in the Alternative, for a Bill of Particulars**

Defendant rests on the pleadings and arguments made before Judge Baker on his Motion to Dismiss Counts One and Thirteen of the Fifth Superseding Indictment or for a Bill of Particulars. Without a specific objection, the Court is only required to review Judge Baker's Report and Recommendation for clear error. *Jones v. French*, No. 1:24-CV-1066, 2025 WL 307215, at *1 (W.D. Ark. Jan. 27, 2025), citing *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that a specific objection is necessary to require a *de novo* review of a magistrate's recommendation instead of a review for plain error).

---

[1] On January 29, 2025, the Court granted the Government's Motion to Strike Surplusage and Administratively Renumber Counts. Insofar as the renumbering has no effect on the rulings herein, for the purposes of this Opinion, the Court will maintain the original references to Counts in the Fifth Superseding Indictment.

2

In her Report and Recommendation, Judge Baker thoroughly discussed the applicable law and applied that law to the issues presented in Defendant's Motion. Defendant does not specifically argue Judge Baker's analysis and conclusions were erroneous. Defendant's general objection to Judge Baker's recommendation to deny the motion is overruled.

**Motion to Dismiss Counts Two through Twelve on the Basis of Double Jeopardy**

Defendant takes issue with Judge Baker's conclusion that, based on the long-standing and unambiguous precedent in *United States v. Lucas*, 932 F.2d 1210 (8th Cir. 1991) and *United States v. Hoover*, 543 F.3d 448 (8th Cir. 2008), Defendant's motion to dismiss based on double jeopardy must be denied. Defendant argues Judge Baker never addressed his argument under *United States v. Edwards*, 994 F.2d 417 (8th Cir. 1993).

Defendant urges that multiple firearm possession offenses under Section 924(c) can be brought in connection with a single predicate offence only if they represent the use of different weapons at different times. This position, however, is not supportable under controlling law.

> We have previously held that each separate use of a firearm in relation to a drug trafficking crime is punishable under 18 U.S.C. § 924(c) regardless of whether another charge under the same statute is related to the same predicate offense. *United States v. Lucas*, 932 F.2d 1210, 1223 (8th Cir.1991). Moreover, under the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Hoover is not subject to double jeopardy because each count requires proof of an element not required by the other.

3

*United States v. Hoover*, 543 F.3d 448, 455–56 (8th Cir. 2008). Defendant's objection is overruled.

**Motion to Bar the Government from Proceeding on Counts Two Through Twelve Based on Judicial Estoppel**

Defendant objects to Judge Baker's recommendation that the Motion to Bar the Government from Proceeding on Counts Two Through Twelve Based on Judicial Estoppel be denied arguing Judge Baker ignored Eighth Circuit law, specifically the holding in *United States v. Allen*, 247 F.3d 741. Defendant argues in *Allen*, the Court found that 18 U.S.C. § 924© and § 924(j) were part of the same offense. Further, Defendant urges this position is the position taken by the Department of Justice prosecutors, memorialized in a 1999 Department of Justice Memorandum.

Defendant's argument is misplaced. In the context of whether Section 924(c)'s bar on concurrent sentences extends to a sentence imposed under a *different subsection: § 924(j)*, the Supreme Court very clearly discerned the two sections are separate offenses.

> Subsection (c) lays out a set of offenses and their corresponding penalties. It begins by making it a crime either to "us[e] or carr[y] a firearm" "during and in relation to any crime of violence or drug trafficking crime," or to "posses[s] a firearm" "in furtherance of any such crime." § 924(c)(1)(A). The provision then prescribes "a term of imprisonment" for that offense: a minimum of five years. § 924(c)(1)(A)(i). Other (more serious) offense elements and "term[s] of imprisonment" follow within subsection (c). If the firearm is "brandished," the "term of imprisonment" jumps to a minimum of seven years. § 924(c)(1)(A)(ii). If the firearm is "discharged," the minimum becomes 10 years; if the firearm is a "machinegun," 30 years; and so on. §§ 924(c)(1)(A)–(C), (c)(5).

4

Subsection (c) also provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." § 924(c)(1)(D)(ii). In other words, the sentence must run consecutively, not concurrently, in relation to other sentences. This concurrent-sentence bar (or consecutive-sentence mandate) is at issue in this case.

Subsection (j) was added decades after subsection (c) and its consecutive-sentence mandate. Subsection (j) likewise lays out offense elements and corresponding penalties. It provides:

> "A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—
>
> "(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life; and
>
> "(2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section." § 924(j).

Subsection (j) contains no consecutive-sentence mandate.

### B

Here, Lora was convicted of a subsection (j) offense. The parties dispute whether the sentence for that offense can run concurrently with another sentence, or whether it is subject to subsection (c)'s consecutive-sentence mandate. We hold the former.

Subsection (c)'s consecutive-sentence requirement applies to a "term of imprisonment imposed on a person *under this subsection*"—i.e., subsection (c). § 924(c)(1)(D)(ii) (emphasis added). By those plain terms, Congress applied the consecutive-sentence mandate only to terms of imprisonment imposed under that subsection. And Congress put subsection (j) in a different subsection of the statute.

Drilling into the details confirms that straightforward reasoning. To begin, subsection (c) sets forth a host of offenses and the corresponding "term[s] of imprisonment" to be imposed. §§ 924(c)(1), (5); supra, at 1716 – 1717. Those are the "term[s] of imprisonment imposed ... under this subsection" that the consecutive-sentence mandate references. § 924(c)(1)(D)(ii). That is,

5

by echoing the phrase "term of imprisonment" and referring inwards to "this subsection," § 924(c)(1)(D)(ii) points to the terms of imprisonment prescribed within subsection (c).

A sentence imposed under subsection (j) does not qualify. To state the obvious again, subsection (j) is not located within subsection (c). Nor does subsection (j) call for imposing any sentence from subsection (c). Instead, subsection (j) provides its own set of penalties. See §§ 924(j)(1)–(2).

To be sure, subsection (j) references subsection (c). But it does so only with respect to offense elements, not penalties. Subsection (j)'s offense elements include causing death "in the course of a violation of subsection (c)." § 924(j). And to define that phrase, one must consult subsection (c)'s offense elements (i.e., what it takes to violate that subsection). But that is where subsection (c)'s role in subsection (j) stops. One need not consult subsection (c)'s sentences in order to sentence a subsection (j) defendant.

Thus, a defendant who is sentenced under subsection (j) does not receive a "term of imprisonment imposed ... under [subsection (c)]." Consequently, § 924(c)(1)(D)(ii)'s consecutive-sentence mandate does not apply.

### III

#### A

The Government tries to deflect this conclusion by blending subsections (c) and (j) together. It claims that "Congress incorporated Section 924(c) as a whole into Section 924(j)." Brief for United States 15. Under that view, a subsection (j) defendant faces subsection (j)'s penalties plus subsection (c)'s penalties—including subsection (c)'s mandatory minimum sentences and its consecutive-sentence mandate.
The actual statute bears no resemblance to the Government's vision. Subsection (j) nowhere mentions—let alone incorporates—subsection (c)'s penalties. Instead, as just explained, subsection (j)'s only reference to subsection (c) is limited to offense elements. Supra this page.

Moreover, a sentencing court cannot follow both subsection (c) and subsection (j) as written. Combining the two subsections would set them on a collision course; indeed, in some cases, the maximum sentence would be lower than the minimum sentence. Take voluntary manslaughter using a machinegun in the course of a subsection (c)(1) violation, for example. Subsection (c), because of the machinegun, would command that "the

6

> person shall be sentenced to a term of imprisonment of not less than 30 years." § 924(c)(1)(B)(ii). Subsection (j), because of the voluntary manslaughter, would command that, per § 1112, the person "shall be ... imprisoned not more than 15 years." §§ 924(j)(2), 1112(b). To fashion a sentence "not less than 30 years" and "not more than 15 years"—that is, to obey both subsections (c) and (j)—is impossible. And Congress has not required that unachievable result. Instead, subsection (j) supplies its own comprehensive set of penalties that apply instead of subsection (c)'s.
>
> To avert potential conflict between subsections (c) and (j), the Government tries to knit the two provisions together in a very particular way. In the Government's view, a court sentencing a subsection (j) defendant should jump to subsection (c), apply the penalties listed there, then jump back to subsection (j) and add the penalties listed there, then jump back to subsection (c) and impose the consecutive- sentence mandate listed in that subsection. But nothing in subsection (j) calls for such calisthenics.

*Lora v. United States*, 599 U.S. 453, 457–60 (2023). Accord, *United States v. Jones*, 71 F.4th 1083, 1085 (8th Cir. 2023)("The Supreme Court recently ruled that § 924(j) is a separate offense that does not require consecutive sentencing but confirmed that under 18 U.S.C. § 3584(a) the district court had discretion to sentence Count 2 consecutively or concurrently. *Lora v. United States*, No. 22-49, 599 U.S. ——, 143 S.Ct. 1713, —— L.Ed.2d —— (June 16, 2023)")

Since Sections 924(c) and 924(j) set out two separate offenses, the 1999 Department of Justice Memorandum aside, the Government is not prohibited from charging defendant based on separate Sections 924(c) and 924(j) and proceeding thereon, subject to the necessary proof thereof at trial.

## Conclusion

The Court has fully considered the briefs filed on the original motions as well as the objections. The Court has additionally independently researched the

7

controlling law. After fully considering all matters, the Court adopts Judge Baker's Report and Recommendation insofar as currently applicable. Further, as discussed herein, Defendant's objections are overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts One and Thirteen of the Fifth Superseding Indictment, or in the Alternative for a Bill of Particulars, [Doc. No. 2425] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts Two through Twelve on the Basis of Double Jeopardy [Doc. No. 2666], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Bar the Government from Proceeding on Counts Two through Twelve on the Basis of Judicial Estoppel, [Doc. No. 2667], is **DENIED**.

Dated this 31st day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE